1  J. MICHAEL KALER, SBN 158296
2  KALER LAW OFFICES
   9930 Mesa Rim Road, Suite 200
3  San Diego, California 92121
4  Telephone (858) 362-3151
   michael@kalerlaw.com
5
6  MELODY A. KRAMER, SBN 169984
   KRAMER LAW OFFICE, INC.
7  9930 Mesa Rim Road, Suite 1600
8  San Diego, California 92121
   Telephone (858) 362-3150
9  mak@kramerlawip.com
10
11 Attorneys for Plaintiff JENS ERIK SORENSEN,
   as Trustee of SORENSEN RESEARCH AND
12 DEVELOPMENT TRUST

15              UNITED STATES DISTRICT COURT
16          FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JENS ERIK SORENSEN, as Trustee of SORENSEN RESEARCH AND DEVELOPMENT TRUST, <br><br> Plaintiff <br> v. <br><br> INFORMATICS, INC., a Texas Corporation; INFORMATICS HOLDINGS, INC., a Delaware Corporation; DATALOGIC SCANNING, INC., a Delaware Corporation; DATALOGIC SCANNING HOLDINGS, INC., a New York Corporation. <br><br> Defendants. | Case No. 08 cv 134 BTM CAB <br><br> **CORRECTED FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT** <br><br> REQUEST FOR JURY TRIAL |

Plaintiff JENS E. SORENSEN, as TRUSTEE OF THE SORENSEN RESEARCH AND DEVELOPMENT TRUST ("SRDT"), for its First Amended Complaint for Patent Infringement against Defendants alleges as follows:

## **THE PARTIES**

1. SRDT is a California resident, and the trustee of a trust organized according to California law, and owner of all rights to United States Patent No. 4,935,184 (hereinafter "'184 patent"). A true and correct copy of the '184 patent is attached hereto as Exhibit A.

2. On information and belief, Defendant INFORMATICS, INC. is a corporation organized under the laws of Texas, having a principal office located at 1400 10th Street, Plano, Texas 75074.

3. On information and belief, Defendant INFORMATICS HOLDINGS, INC. is a corporation organized under the laws of Delaware, having a principal office located at 1400 - 10th Street, Plano, Texas 75074.

4. On information and belief, Defendant DATALOGIC SCANNING, INC., a corporation organized under the laws of Delaware, having a principal office located at 959 Terry Street, Eugene, Oregon 97402.

5. On information and belief, Defendant DATALOGIC SCANNING HOLDINGS, INC., a corporation organized under the laws of New York, having a principal office located at 959 Terry Street, Eugene, Oregon 97402.

6. On information and belief, the Defendants identified above are successor or predecessor entities, through corporate mergers, of companies known as PSC and Informatics, which were engaged in acts with other Defendants, directly or indirectly, in the manufacture, import, sale, and/or offer for sale in the United States of the products accused of infringement herein.

7. Defendants DOES 1 – 100 are other persons or entities, presently unidentified, that are also engaged, directly or indirectly, in the manufacture, import,

sale, and/or offer for sale in the United States of the products accused of infringement herein.

8. On information and belief, Defendants have acted as agents of one or more of each other during some or all of the times relative to the subject matter of this Complaint.

## JURISDICTION and VENUE

9. This action arises under the Patent Laws of the United States of America, Title 35, United States Code. Jurisdiction is founded on Title 28, United States Code §§ 1331, 1332(a), and 1338(a).

10. On information and belief, venue in this district is proper under 28 U.S.C. §§ 1391 and 1400(b) because Defendants have committed acts of infringement in this District.

11. This Court has personal jurisdiction over Defendants because they manufacture within, import into, offer for sale, and/or sell infringing products in this District.

## CLAIM FOR RELIEF

### (Patent Infringement)

12. SRDT realleges and incorporates herein by reference paragraphs 1 through 11, inclusive, as though fully set forth herein.

13. The '184 patent entitled "Stabilized Injection Molding When Using a Common Mold Part With Separate Complimentary Mold Parts," was issued on June 19, 1990.

14. On information and belief, Defendants have in the past and presently make, import into, sell or offer for sale within the United States and this District, products for which the two plastic component external plastic shells are manufactured through processes which incorporate all elements of the '184 patented

process. Those products identified below and any other Defendants' products sold under any name which are manufactured utilizing similar processes, including but not limited to, any other product manufactured using the same injection mold as any of the products identified in the following table, are collectively referred to herein as "Accused Products":

## WASP WLS 9000 SCANNER

15. Defendants have not obtained a license or any other valid authorization for import, sale, or offer for sale in the United States of products manufactured through use of the '184 patented process.

16. Upon information and belief, Defendants control the nature and quality of the Accused Products and manufactures these products in accordance with its design and product specifications.

17. Defendants have been on constructive notice of the '184 patent since its issuance on June 19, 1990.

18. Defendants have been on actual express notice of the '184 patented process since at least December 10, 2004.

19. Upon information and belief, the Defendants have engaged in design, manufacture, import, sell, and/or offer for sale within the United States, including this District, products that have dual-layer external plastic housings.

20. On information and belief, said products identified herein and as-yet-unidentified products manufactured through the same or substantially similar process are manufactured through processes which incorporate all elements of the '184 patented process.

21. None of the Defendants have obtained a license or any other authorization from the Plaintiff for manufacture, import, sale, and/or offer for sale in the United States of products manufactured through use of the '184 patented process.

22. Plaintiff's initial infringement notice to the Defendant on December 10, 2004, provided Defendants with drawings and associated claim charts showing the substantial likelihood pursuant to 35 U.S.C. § 295, of the infringement of the '184 patented process by the import, sale and/or offer for sale in this District and the United States of the identified Accused Products and all other Defendants' products manufactured with processes which incorporate the elements of the '184 patent.

23. The evidence provided to Defendants in the initial letter and subsequent correspondence, illustrate how the processes utilized to produce the Accused Products incorporated each element of the '184 patent claims.

24. The initial letter requested Defendants pursuant to 35 U.S.C. § 295 to provide factual information necessary to verify the manufacturing process used to make the Accused Products.

25. To date, Defendants has not produced admissible evidence demonstrating the actual process used to manufacture the Accused Products.

26. SRDT made reasonable efforts to obtain process information for the Accused Products, providing Defendants with an opportunity to prove that it was not using the '184 process.

27. On information and belief, one or more Defendants continue to make, use, sell and/or offer for sale within the United States and this District, and import into the United States the Accused Products using the '184 patent process, without authority to do so, in violation of 35 U.S.C. § 271, knowing such to be an infringement of the '184 patent, and in wanton and willful disregard of Plaintiff's '184 patent rights.

28. On information and belief, one or more Defendants continue to contribute to infringement of the '184 patent and actively induce others to infringe the '184 patent by virtue of making, importing, selling, using and/or offering for sale within the United States and this District, in violation of 35 U.S.C. § 271, Accused Products manufactured using the '184 patent process in wanton and willful disregard

1  of Plaintiff's '184 patent rights.

2  29. On information and belief, the conduct of Defendants and one or more other Defendants in willfully continuing to infringe the '184 patent, and to contribute to infringement and induce others to infringe the '184 patent, by the acts alleged hereinabove despite being on both constructive notice and actual notice, is deliberate, thus making this an exceptional case within the meaning of 35 U.S.C. § 285.

30. On information and belief, Plaintiff has suffered and is continuing to suffer damages by reason of Defendants' infringing conduct alleged hereinabove. The damages for Defendants' conduct are in an amount that constitutes at least a reasonable royalty for all of Defendants' sales of the Accused Products during the last six years.

31. On information and belief, the reasonable royalty owed to Plaintiff from Defendants is at least eight percent (8%) of gross revenues from sales of the Accused Products, and according to proof at trial.

32. On information and belief, the reasonable royalty owed to SRDT from Defendants should be trebled on account of willful infringement by Defendants, and according to proof at trial.

**PRAYER FOR RELIEF**

**WHEREFORE,** SRDT prays that judgment be entered as follows:

a. For a determination that the Accused Processes are presumed to infringe the '184 patent pursuant to 35 U.S.C. § 295;

b. Defendants are adjudicated and decreed to have infringed the '184 patent;

c. Defendants are adjudicated and decreed to have contributed to the infringement of the '184 patent and to have induced others to infringe the '184 patent;

d. Defendants are ordered to account for damages adequate to compensate

Plaintiff for the infringement of '184 patent, their contributory infringement of the '184 patent, and their inducement of infringement of the '184 patent, in the amount of at least eight percent (8%) of gross sales as a reasonable royalty for all sales of Accused Products and according to proof at trial, and such damages are awarded to Plaintiff;

  e. Such damages as are awarded are trebled by the Court pursuant to 35 U.S.C. § 284 by reason of the willful, wanton, and deliberate nature of the infringement of gross sales;

  f. That this case is decreed an "exceptional case" and Plaintiff is awarded reasonable attorneys' fees by the Court pursuant to 35 U.S.C. § 285;

  g. For interest thereon at the legal rate;

  h. For costs of suit herein incurred;

  i. For such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

SRDT respectfully requests that its claims be tried to a jury.

DATED this Monday, March 17, 2008.

        JENS ERIK SORENSEN, as Trustee of
        SORENSEN RESEARCH AND DEVELOPMENT
        TRUST, Plaintiff

        /s/ Melody A. Kramer
        Melody A. Kramer, Esq.
        J. Michael Kaler, Esq.
        Attorney for Plaintiff