1  J. MICHAEL KALER, SBN 158296
2  KALER LAW OFFICES
   9930 Mesa Rim Road, Suite 200
3  San Diego, California 92121
4  Telephone (858) 362-3151
   michael@kalerlaw.com
5
6  MELODY A. KRAMER, SBN 169984
   KRAMER LAW OFFICE, INC.
7  9930 Mesa Rim Road, Suite 1600
8  San Diego, California 92121
   Telephone (858) 362-3150
9  mak@kramerlawip.com
10
11 Attorneys for Plaintiff JENS ERIK SORENSEN,
   as Trustee of SORENSEN RESEARCH AND
12 DEVELOPMENT TRUST
13
14
15                UNITED STATES DISTRICT COURT
16        FOR THE SOUTHERN DISTRICT OF CALIFORNIA
17
   JENS ERIK SORENSEN, as Trustee of  )  Case No. 08 cv 134 BTM CAB
18 SORENSEN RESEARCH AND              )
   DEVELOPMENT TRUST,                 )  **DECLARATION OF MELODY A.**
19                                    )  **KRAMER IN SUPPORT OF PLAINTIFF'S**
                                      )  **MOTION TO MODIFY PATENT LOCAL**
20                        Plaintiff   )  **RULES SCHEDULE TO ACCELERATE**
                                      )  **IDENTIFICATION OF CLAIMED**
21     v.                             )  **INVALIDATING PRIOR ART**
                                      )
22 INFORMATICS, INC., a Texas         )
   Corporation; INFORMATICS          )   Date:  June 20, 2008
23 HOLDINGS, INC., a Delaware         )   Time: 11:00 a.m.
   Corporation; DATALOGIC SCANNING, ) Hon. Barry T. Moskowitz
24 INC., a Delaware Corporation;      )
   DATALOGIC SCANNING HOLDINGS, )      NO ORAL ARGUMENTS UNLESS
25 INC., a New York Corporation.      )   ORDERED BY THE COURT
                                      )
26                                    )
27                        Defendants. )
28 _____)

I, MELODY A. KRAMER, declare:

1.    I am not a party to the present action.  I am over the age of eighteen.  I have personal knowledge of the facts contained within the following paragraphs, and could and would competently testify thereto if called as a witness in a court of law.

2.    At all times relevant herein I have been an attorney for Sorensen Research and Development Trust ("Sorensen"), Plaintiff in the above-captioned matter.  This declaration is made in support of Plaintiff's Motion to Modify Patent Local Rules Schedule to Accelerate Identification of Claimed Invalidating Prior Art.

3.    It is anticipated that Defendant will make a pro forma affirmative defense and/or counterclaim for declaratory relief of patent invalidity without detail as have every other answering defendant in these related cases.

4.    In July 2007 and December 2007, respectively, defendants in the related Black & Decker case[1] filed requests for *ex parte* reexamination of the '184 patent with the USPTO.  Attached hereto as Exhibit A and B are true and correct copies of relevant pages of said Requests for Ex Parte Reexamination.

5.    The prior art cited in the second *ex parte* request contained several prior art references that had not been disclosed to Sorensen in either of the parties' Preliminary Invalidity Contentions served on February 2, 2007 (Exhibit C), nor the Amended Preliminary Invalidity Contentions served on March 5, 2007 (Exhibit D), nor the first *ex parte* request (Exhibit A).  Attached hereto as Exhibits C and D are true and correct copies of Black & Decker's Preliminary Invalidity Contentions and Amended Preliminary Invalidity Contentions.

6.    In the course of the present reexamination proceedings, Sorensen has, to our knowledge, identified to the USPTO all claimed invalidating prior art identified to Sorensen to date from any source.

7.    Although Sorensen has been in contact with Defendants in this case pre-

---

[1] *Sorensen v. Black & Decker Corporation, et al*, Case No. 06cv1572

Case No. 08cv134 BTM CAB

litigation regarding the '184 patent, none of the correspondence from Defendants constitutes any type of binding assertion of all claimed prior art or other claimed basis for invalidity of the '184 patent.  Thus, Sorensen has been unable to ensure that these Defendants' asserted invalidated prior art will be reviewed by the USPTO.

8.    Attached hereto as Exhibit E is a true and correct copy of a document from the USPTO explaining a rule change regarding successive reexaminations on the same patent.

DATED this Friday, April 04, 2008.


/s/ Melody A. Kramer
Melody A. Kramer, Esq.

# EXHIBIT A

PTO/SB/57 (07-07)
Approved for use through 07/31/2007. OMB 0651-0033
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it displays a valid OMB control number.

(Also referred to as FORM PTO-1465)

# REQUEST FOR *EX PARTE* REEXAMINATION TRANSMITTAL FORM

Address to:
**Mail Stop *Ex Parte* Reexam**
**Commissioner for Patents**                                   **Attorney Docket No.: X32441**
**P. O. Box 1450**
**Alexandria, VA  22313-1450**                                **Date: July 30, 2007**

1. ☒ This is a request for *ex parte* reexamination pursuant to 37 CFR 1.510 of patent number 4,935,184
   issued June 19, 1990    . The request is made by:
      ☐ patent owner.                              ☒ third party requester.

2. ☒ The name and address of the person requesting reexamination is:
      Arnold Turk, Esq.
      Greenblum & Bernstein, P.L.C.
      1950 Roland Clarke Place, Reston, VA 20191

3. ☒ a. A check in the amount of $ 2,520.00  is enclosed to cover the reexamination fee, 37 CFR 1.20(c)(1);
      ☒ b. The Director is hereby authorized to charge the fee as set forth in 37 CFR 1.20(c)(1) to
           Deposit Account No. 19-0089     (submit duplicative copy for fee processing); or
      ☐ c. Payment by credit card. Form PTO-2038 is attached.

4. ☒ Any refund should be made by ☐ check or ☒ credit to Deposit Account No. 19-0089     .
      37 CFR 1.26(c). If payment is made by credit card, refund must be to credit card account.

5. ☒ A copy of the patent to be reexamined having a double column format on one side of a separate paper is enclosed.
      37 CFR 1.510(b)(4)

6. ☐ CD-ROM or CD-R in duplicate, Computer Program (Appendix) or large table
      ☐ Landscape Table on CD

7. ☐ Nucleotide and/or Amino Acid Sequence Submission
      *If applicable, items a. – c. are required.*
      a. ☐ Computer Readable Form (CRF)
      b. Specification Sequence Listing on:
           i. ☐ CD-ROM (2 copies) or CD-R (2 copies); **or**
           ii. ☐ paper
      c. ☐ Statements verifying identity of above copies

8. ☐ A copy of any disclaimer, certificate of correction or reexamination certificate issued in the patent is included.

9. ☒ Reexamination of claim(s) 1, 2, 4, 6-10                             is requested.

10. ☒ A copy of every patent or printed publication relied upon is submitted herewith including a listing thereof on
     Form PTO-SB/08, PTO-1449, or equivalent.

11. ☒ An English language translation of all necessary and pertinent non-English language patents and/or printed
     publications is included.

This collection of information is required by 37 CFR 1.510. The information is required to obtain or retain a benefit by the public which is to file (and by the USPTO to process) an application. Confidentiality is governed by 35 U.S.C. § 122 and 37 CFR 1.11 and 1.14. This collection is estimated to take 2 hours to complete, including gathering, preparing, and submitting the completed application form to the USPTO. Time will vary depending upon the individual case. Any comments on the amount of time you require to complete this form and/or suggestions for reducing this burden, should be sent to the Chief Information Officer, U.S. Patent and Trademark Office, U.S. Department of Commerce, P.O. Box 1450, Alexandria, VA  22313-1450. DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS: SEND TO: Mail Stop *Ex Parte* Reexam, Commissioner for Patents, P. O. Box 1450, Alexandria, VA  22313-1450.
*If you need assistance in completing the form, call 1-800-PTO-9199 and select option 2.*

{X32441 00232592.DOC}

PTO/SB/57 (07-07)
Approved for use through 07/31/2007. OMB 0651-0033
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it displays a valid OMB control number.

12. ☒ The attached detailed request includes at least the following items:
    a. A statement identifying each substantial new question of patentability based on prior patents and printed publications. 37 CFR 1.510(b)(1)
    b. An identification of every claim for which reexamination is requested, and a detailed explanation of the pertinency and manner of applying the cited art to every claim for which reexamination is requested. 37 CFR 1.510(b)(2)

13. ☐ A proposed amendment is included (only where the patent owner is the requester). 37 CFR 1.510(e)

14. ☒ a. It is certified that a copy of this request (if filed by other than the patent owner) has been served in its entirety on the patent owner as provided in 37 CFR 1.33(c).
    The name and address of the party served and the date of service are:

| James Michael Kaler | Edward W. Callan |
|---|---|
| The Law Offices of James M. Kaler | 3830 Valley Center Drive, No.705, PMB452 |
| 9930 Mesa Rim Road Suite 200, San Diego, CA 92121 | San Diego, CA 92130 |

    Date of Service: July 30, 2007 ; or

    ☐ b. A duplicate copy is enclosed since service on patent owner was not possible.

15. Correspondence Address: Direct all communication about the reexamination to:

| ☒ The address associated with Customer Number: ☒ **OR** | 07055 |
|---|---|

| ☒ Firm or | |
|---|---|
| Individual Name Greenblum & Bernstein, P.L.C. | |
| **Address** 1950 Roland Clarke Place | |

| City | Reston | State VA | Zip 20191 |
|---|---|---|---|

| Country | United States | | |
|---|---|---|---|

| Telephone | (703) 716-1191 | Email aturk@gbpatent.com |
|---|---|---|

16. ☒ The patent is currently the subject of the following concurrent proceeding(s):
    ☐ a. Copending reissue Application No. _____
    ☐ b. Copending reexamination Control No. _____
    ☐ c. Copending Interference No. _____
    ☒ d. Copending litigation styled:
        (1) Jens E. Sorensen v. Black Decker (U.S.) Inc., et al., Civil Action No. 06-cv-1572
        (2) Jens E. Sorensen v. Tecnica USA Corp. and Nordica USA Corp., Civil Action No. 06-cv-1941
        (3) Previous litigation listed in Request

**WARNING: Information on this form may become public. Credit card information should not be included on this form. Provide credit card information and authorization on PTO-2038.**

| Authorized Signature | July 30, 2007 Date | |
|---|---|---|
| Arnold Turk Typed/Printed Name | 33094 Registration No. | ☐ For Patent Owner Requester ☒ For Third Party Requester |

[Page 2 of 2]

Attorney Docket No. X32441
Attorney Docket No. SOR-BD-184
Request for Reexamination of U.S. Patent No. 4,935,184

## IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

| | | |
|---|---|---|
| Inventor: | Jens Ole Sorensen | ) |
| | | ) |
| Patent No.: | 4,935,184 | ) |
| | | ) |
| Issue Date: | June 19, 1990 | ) |
| | | ) |
| Filing Date: | July 27, 1989 | ) |
| | | ) |
| Title: | Stabilized Injection Molding | ) |
| | When Using A Common | ) |
| | Mold Part With Separate | ) |
| | Complimentary Mold Parts | ) |

**Mail Stop *Ex Parte* Reexam**
Central Reexamination Unit
Commissioner for Patents
United States Patent & Trademark Office
P.O. Box 1450
Alexandria, VA 22313-1450

## REQUEST FOR *EX PARTE* REEXAMINATION
## PURSUANT TO 35 U.S.C. § 302 AND 37 § C.F.R. 1.510

Pursuant to 35 U.S.C. § 302 and 37 C.F.R. § 1.510, the Third Party Requester hereby requests that reexamination of the above-identified patent be ordered by the U.S. Patent & Trademark Office.

## I.    CLAIMS FOR REEXAMINATION

Reexamination of claims 1, 2, 4 and 6-10 of U.S. Patent No. 4,935,184 ("the '184 patent") is requested and believed to be in order. The '184 patent is not expired and is still enforceable. A copy of the '184 patent is attached hereto as Appendix A as required by 37 C.F.R. § 1.510(b)(4).

Attorney Docket No. SOR-BD-184
Request for Reexamination of U.S. Patent No. 4,935,184

## II.     SUBSTANTIAL NEW QUESTIONS OF PATENTABILITY

Substantial new questions of patentability are raised based upon the following patents and

printed publications:

| Patents and Published Patent Applications | | | | |
|---|---|---|---|---|
| Reference Number | Country | Applicant or Assignee | Issue Date | Statutory Basis |
| 2,863,241 | U.S. | Gits | 12/09/58 | 102(b) |
| 3,178,497 | U.S. | Moscicki | 04/13/65 | 102(b), 103(a) |
| 4,422,995 | U.S. | Schad | 12/27/83 | 103(a) |
| 4,440,820 | U.S. | Shiho et al. | 04/03/84 | 102(b), 103(a) |
| 1 850 999 | Germany (DE) | Echterholter | 05/03/62 (published) | 102(b), 103(a) |
| 2 004 494 | U.K. (GB) | SEIMA | 04/04/79 (published) | 102(b), 103(a) |
| 60-119520 | Japan (JP) | Toyota Motor | 08/13/85 (published) | 102(b), 103(a) |
| Printed Publications | | | | |
| Source | Title | | Publication Date | Statutory Basis |
| Modern Plastics | New Vigor For Two-Shot Molding With Automation . . .Versatility . . .Ingenuity | | 05/68 | 102(b), 103(a) |

A copy of each reference that has a bearing on the patentability of the claims of the '184

patent (including English translations thereof as appropriate) is enclosed in Appendix B herewith

in accordance with 37 C.F.R. § 1.510(b)(3). The cover page of Appendix B lists the identified

references in a PTO/SB/08 form.

With the exception of the Schad reference, none of the other identified references were

cited by either the applicant or the Examiner during prosecution of the application that issued as

the '184 patent. These newly cited references are more relevant than the art cited and considered

during prosecution of the '184 patent.

2

PTO/SB/08a (05-07)
Approved for use through 09/30/2007. OMB 0651-0031
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it contains a valid OMB control number.

| **INFORMATION DISCLOSURE STATEMENT BY APPLICANT** ( Not for submission under 37 CFR 1.99) | Application Number | |
|---|---|---|
| | Filing Date | |
| | First Named Inventor | |
| | Art Unit | |
| | Examiner Name | |
| | Attorney Docket Number | REQUEST FOR REEXAMINATION |

| U.S.PATENTS |||||||
|---|---|---|---|---|---|---|
| Examiner Initial* | Cite No | Patent Number | Kind Code¹ | Issue Date | Name of Patentee or Applicant of cited Document | Pages,Columns,Lines where Relevant Passages or Relevant Figures Appear |
| | 1 | 2863241 | | 1958-12-09 | Gits | all |
| | 2 | 3178497 | | 1965-04-13 | Moscicki | all |
| | 3 | 4422995 | | 1983-12-27 | Schad | all |
| | 4 | 4440820 | | 1984-04-03 | Shiho | all |

If you wish to add additional U.S. Patent citation information please click the Add button.

| U.S.PATENT APPLICATION PUBLICATIONS |||||||
|---|---|---|---|---|---|---|
| Examiner Initial* | Cite No | Publication Number | Kind Code¹ | Publication Date | Name of Patentee or Applicant of cited Document | Pages,Columns,Lines where Relevant Passages or Relevant Figures Appear |
| | 1 | | | | | |

If you wish to add additional U.S. Published Application citation information please click the Add button.

| FOREIGN PATENT DOCUMENTS ||||||||
|---|---|---|---|---|---|---|---|
| Examiner Initial* | Cite No | Foreign Document Number³ | Country Code² i | Kind Code⁴ | Publication Date | Name of Patentee or Applicant of cited Document | Pages,Columns,Lines where Relevant Passages or Relevant Figures Appear | T⁵ |

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| **INFORMATION DISCLOSURE STATEMENT BY APPLICANT** ( Not for submission under 37 CFR 1.99) | | Application Number | | | | | | |
| | | Filing Date | | | | | | |
| | | First Named Inventor | | | | | | |
| | | Art Unit | | | | | | |
| | | Examiner Name | | | | | | |
| | | Attorney Docket Number | | REQUEST FOR REEXAMINATION | | | | |

| | 1 | 1 850 999 | DE | | 1962-05-03 | Echterholter | all | ☑ |
|---|---|---|---|---|---|---|---|---|
| | 2 | 2 004 494 | GB | | 1979-04-04 | SEIMA | all | ☑ |
| | 3 | 60-119520 | JP | | 1985-08-13 | Toyota Motor | all | ☑ |

If you wish to add additional Foreign Patent Document citation information please click the Add button

**NON-PATENT LITERATURE DOCUMENTS**

| Examiner Initials* | Cite No | Include name of the author (in CAPITAL LETTERS), title of the article (when appropriate), title of the item (book, magazine, journal, serial, symposium, catalog, etc), date, pages(s), volume-issue number(s), publisher, city and/or country where published. | T[5] |
|---|---|---|---|
| | 1 | VAL WRIGHT, New Vigor For Two-Shot Molding With Automation . . . Versatility . . . Ingenuity, Modern Plastics, May 1968, pages 79-83, published in US | ☐ |

If you wish to add additional non-patent literature document citation information please click the Add button

**EXAMINER SIGNATURE**

| Examiner Signature | | Date Considered | |
|---|---|---|---|

*EXAMINER: Initial if reference considered, whether or not citation is in conformance with MPEP 609. Draw line through a citation if not in conformance and not considered. Include copy of this form with next communication to applicant.

[1] See Kind Codes of USPTO Patent Documents at www.USPTO.GOV or MPEP 901.04. [2] Enter office that issued the document, by the two-letter code (WIPO Standard ST.3). [3] For Japanese patent documents, the indication of the year of the reign of the Emperor must precede the serial number of the patent document. [4] Kind of document by the appropriate symbols as indicated on the document under WIPO Standard ST.16 if possible. [5] Applicant is to place a check mark here if English language translation is attached.

**EXHIBIT B**

PTO/SB/08 (09-06)
Approved for use through 03/31/2007. OMB 0651-0031
U.S. Patent and Trademark Office: U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it contains a valid OMB control number.

| Substitute for form 1449/PTO **INFORMATION DISCLOSURE STATEMENT BY APPLICANT** Date Submitted: December 21, 2007 | **Complete if Known** | |
|---|---|---|
| | Reexamination Control Number | Unassigned |
| | Patent Number | 4,935,184 |
| | First Named Inventor | Jens O. Sorensen |
| Sheet \| 1 \| of \| 2 | Attorney Docket Number | 065640-0260 |

### U.S. PATENT DOCUMENTS

| Examiner Initials* | Cite No.[1] | Document Number Number-Kind Code[2] (if known) | Publication Date MM-DD-YYYY | Name of Patentee or Applicant of Cited Document | Pages, Columns, Lines, Where Relevant Passages or Relevant Figures Appear |
|---|---|---|---|---|---|
| | A1 | 4,935,184 | 06/19/1990 | SORENSEN | |
| | A2 | 4,422,995 | 12/27/1983 | SCHAD | |
| | A3 | 4,508,676 | 04/02/1985 | SORENSEN | |
| | A4 | 3,375,554 | 04/02/1968 | BLUMER | |

### UNPUBLISHED U.S. PATENT APPLICATION DOCUMENTS

| Examiner Initials* | Cite No.[1] | U.S. Patent Application Document Serial Number-Kind Code[2] (if known) | Filing Date of Cited Document MM-DD-YYYY | Name of Patentee or Applicant of Cited Document | Pages, Columns, Lines, Where Relevant Passages or Relevant Figures Appear |
|---|---|---|---|---|---|
| | | | | | |

### FOREIGN PATENT DOCUMENTS

| Examiner Initials* | Cite No.[1] | Foreign Patent Document Country Code[3] Number[4] Kind Code[2] (if known) | Publication Date MM-DD-YYYY | Name of Patentee or Applicant of Cited Documents | Pages, Columns, Lines, Where Relevant Passages or Relevant Figures Appear | T[6] |
|---|---|---|---|---|---|---|
| | A5 | JP 59-199227 | 11/12/1984 | IDEMITSU SEKIYU KAGAKU KK | | Tr. |
| | A6 | JP 60-154022 | 08/13/1985 | FUJITSU, LTD. | | Tr. |
| | A7 | JP 58-82401 | 05/18/1983 | NISSAN MOTOR CO., LTD. | | Tr. |
| | A8 | JP S52-51449 | 04/25/1977 | KABUSHIKI KAISHA YOSHINO KOGYOSHO | | Tr. |

### NON PATENT LITERATURE DOCUMENTS

| Examiner Initials* | Cite No.[1] | Include name of the author (in CAPITAL LETTERS), title of the article (when appropriate), title of the item (book, magazine, journal, serial, symposium, catalog, etc.) date, page(s) volume-issue number(s), publisher, city and/or country where published. | T[6] |
|---|---|---|---|
| | A9 | SUMITOMO HEAVY INDUSTRIES, LTD., *Promat 100-100/100 Sumitomo-Netstal Dual Material Injection Molding Machine* | Tr. |

| Examiner Signature | | Date Considered | |
|---|---|---|---|
| | | | |

*EXAMINER: Initial if reference considered, whether or not citation is in conformance with MPEP 609. Draw line through citation if not in conformance and not considered. Include copy of this form with next communication to applicant. 1 Applicant's unique citation designation number (optional). 2 See Kinds Codes of USPTO Patent Documents at www.uspto.gov or MPEP 901.04. 3 Enter Office that issued the document, by the two-letter code (WIPO Standard ST.3). 4 For Japanese patent documents, the indication of the year of the reign of the Emperor must precede the serial number of the patent document. 5 Kind of document by the appropriate symbols as indicated on the document under WIPO Standard ST.16 if possible. 6 Applicant is to place a check mark here if English language Translation is attached.
This collection of information is required by 37 CFR 1.97 and 1.98. The information is required to obtain or retain a benefit by the public which is to file (and by the USPTO to process) an application. Confidentiality is governed by 35 U.S.C. 122 and 37 CFR 1.14. This collection is estimated to take 2 hours to complete, including gathering, preparing, and submitting the completed application form to the USPTO. Time will vary depending upon the individual case. Any comments on the amount of time you require to complete this form and/or suggestions for reducing this burden, should be sent to the Chief Information Officer, U.S. Patent and Trademark Office, P.O. Box 1450, Alexandria, VA 22313-1450. DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS. **SEND TO: Commissioner for Patents, P.O. Box 1450, Alexandria, VA 22313-1450.**

*If you need assistance in completing the form, call 1-800-PTO-9199 (1-800-786-9199) and select option 2.*

WASH_2164550.1

PTO/SB/08 (09-06)
Approved for use through 03/31/2007. OMB 0651-0031
U.S. Patent and Trademark Office: U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it contains a valid OMB control number.

| Substitute for form 1449/PTO | | | | Complete if Known | |
|---|---|---|---|---|---|
| **INFORMATION DISCLOSURE STATEMENT BY APPLICANT**  Date Submitted: December 21, 2007 | | | | **Reexamination Control Number** | Unassigned |
| | | | | **Patent Number** | 4,935,184 |
| | | | | **First Named Inventor** | Jens O. Sorensen |
| Sheet | 2 | of | 2 | Attorney Docket Number | 065640-0260 |

| | | NON PATENT LITERATURE DOCUMENTS | |
|---|---|---|---|
| Examiner Initials* | Cite No.[1] | Include name of the author (in CAPITAL LETTERS), title of the article (when appropriate), title of the item (book, magazine, journal, serial, symposium, catalog, etc.) date, page(s), volume-issue number(s), publisher, city and/or country where published. | T[6] |
| | A10 | WRIGHT, "New Vigor for Two-Shot Molding with Automation," *Modern Plastics,* Vol. 45, No. 9, May 1968, pp. 78 – 83. | |
| | A11 | Plaintiff's Amended Preliminary Claim Constructions and Extrinsic Evidence , SORENSEN v. THE BLACK & DECKER CORPORATION ET AL., U.S. District Court for the Southern District of California, Case No. 06-cv-1572 BTM (CAB). | |
| | A12 | SORENSEN v. INTERNATIONAL TRADE COM'N., 427 F.3d 1375 (Fed. Cir. 2005) | |
| | A13 | Deposition of Paul P. Brown, December 19, 2006, SORENSEN v. THE BLACK & DECKER CORPORATION ET AL., U.S. District Court for the Southern District of California, Case No. 06-cv-1572 BTM (CAB). | |
| | A14 | Plaintiffs' Local Civil Rule 56.1 Statement of Material Facts in Opposition to Defendants' Motion for Summary Judgment of Invalidity Based on Prior Art, U.S. District Court for the District of New Jersey Newark Vicinage, CIV. No. 03-1763(HAA). | |

| Examiner Signature | | Date Considered | |
|---|---|---|---|

*EXAMINER: Initial if reference considered, whether or not citation is in conformance with MPEP 609. Draw line through citation if not in conformance and not considered. Include copy of this form with next communication to applicant. 1 Applicant's unique citation designation number (optional). 2 See Kinds Codes of USPTO Patent Documents at www.uspto.gov or MPEP 901.04. 3 Enter Office that issued the document, by the two-letter code (WIPO Standard ST.3). 4 For Japanese patent documents, the indication of the year of the reign of the Emperor must precede the serial number of the patent document. 5 Kind of document by the appropriate symbols as indicated on the document under WIPO Standard ST.16 if possible. 6 Applicant is to place a check mark here if English language Translation is attached.
This collection of information is required by 37 CFR 1.97 and 1.98. The information is required to obtain or retain a benefit by the public which is to file (and by the USPTO to process) an application. Confidentiality is governed by 35 U.S.C. 122 and 37 CFR 1.14. This collection is estimated to take 2 hours to complete, including gathering, preparing, and submitting the completed application form to the USPTO. Time will vary depending upon the individual case. Any comments on the amount of time you require to complete this form and/or suggestions for reducing this burden, should be sent to the Chief Information Officer, U.S. Patent and Trademark Office, P.O. Box 1450, Alexandria, VA 22313-1450. DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS. **SEND TO: Commissioner for Patents, P.O. Box 1450, Alexandria, VA 22313-1450.**

WASH_2164550.1        *If you need assistance in completing the form, call 1-800-PTO-9199 (1-800-786-9199) and select option 2.*

## IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

| | | |
|---|---|---|
| Inventor: | Jens Ole Sorensen | ) |
| | | ) |
| Patent No.: | 4,935,184 | ) |
| | | ) |
| Issue Date: | June 19, 1990 | ) |
| | | ) |
| Filing Date: | July 27, 1989 | ) |
| | | ) |
| Title: | Stabilized Injection Molding | ) |
| | When Using A Common | ) |
| | Mold Part With Separate | ) |
| | Complimentary Mold Parts | ) |

Mail Stop *Ex Parte Reexam*
Central Reexamination Unit
Commissioner for Patents
United States Patent & Trademark Office
P.O. Box 1450
Alexandria, VA 22313-1450

## REQUEST FOR EX PARTE REEXAMINATION
## PURSUANT TO 35 U.S.C. § 302 AND 37 C.F.R. § 1.510

Pursuant to 35 U.S.C. § 302 and 37 C.F.R. § 1.510, the Third Party Requester hereby

requests that reexamination of the above-identified patent be ordered by the U.S. Patent &

Trademark Office.

## I.    CLAIMS FOR REEXAMINATION

Reexamination of claims 1, 2, 4 and 6-10 of U.S. Patent No. 4,935,184 ("the '184 patent")

is requested and believed to be in order. The '184 patent is not expired and is still in force. A copy

of the '184 patent is attached hereto as Exhibit A as required by 37 C.F.R. § 1.510(b)(4).

## II.    SUBSTANTIAL NEW QUESTIONS OF PATENTABILITY

Substantial new questions of patentability are raised by the following patents and printed

publications:

| Patents and Published Patent Applications | | | | |
|---|---|---|---|---|
| Reference No. | Country | Applicant or Assignee | Publication Date | Statutory Basis |
| S59-199227 | Japan | Idemitsu Sekiyu Kagaku K.K. | 11/12/84 | 102(b), 103(a) |
| 60-154022 | Japan | Fujitsu, Ltd. | 08/13/85 | 102(b), 103(a) |
| 4,422,995 | United States | Robert D. Schad | 12/27/83 | 102(b), 103(a) |
| 58-82401 | Japan | Nissan Motor Co., Ltd. | 05/18/83 | 102(b), 103(a) |
| 4,508,676 | United States | Jens O. Sorensen | 04/02/85 | 102(b), 103(a) |
| 3,375,554 | United States | Armin Blumer | 04/02/68 | 102(b), 103(a) |
| S52-51449 | Japan | Kabushiki Kaisha Yoshino Kogyosho | 04/25/77 | 102(b), 103(a) |
| Printed Publications | | | | |
| Source | | Title | Publication Date | Statutory Basis |
| Sumitomo Heavy Indus., Ltd. | | Promat 100-100/100 | Admitted prior art | 102(b),103(a) |
| Modern Plastics | | New Vigor For Two-Shot Molding With Automation ... Versatility ... Ingenuity | May 1968 | 102(b),103(a) |

A copy of each reference relied upon in this reexamination request (including any English

translations) is enclosed in Exhibit B. *See* 37 C.F.R. § 1.510(b)(3). The identified references are

listed in a PTO/SB/08 form, attached to this request. Except for Schad '995, Promat 100 and

Sorensen '676 (all used only for secondary teachings), none of these references were cited during

the original prosecution of the '184 patent. These newly cited references (or new combinations

involving Schad '995, Promat 100 and Sorensen '676) are believed to be more relevant than the art

cited and considered during original prosecution and, thus, raise substantial new questions of

patentability. As discussed herein, the identified references anticipate or render obvious one or

2

# EXHIBIT C

1    J. Christopher Jaczko (149317)
     Allison H. Goddard (211098)
2    JACZKO GODDARD LLP
     4401 Eastgate Mall
3    San Diego, California 92121
     Phone: (858) 550-6150
4    Fax: (858) 225-3500

5    Raymond P. Niro, Jr. *(Pro Hac Vice)*
     Dina M. Hayes *(Pro Hac Vice)*
6    Gregory P. Casimer *(Pro Hac Vice)*
     NIRO, SCAVONE, HALLER & NIRO
7    181 West Madison, Suite 4600
     Chicago, Illinois  60602-4515
8    Phone: (312) 236-0733
     Fax: (312) 236-3137
9
     Attorneys for Defendant
10   The Black & Decker Corporation

11                  **UNITED STATES DISTRICT COURT**
12
                **FOR THE SOUTHERN DISTRICT OF CALIFORNIA**
13

| | |
|---|---|
| 14   JENS ERIK SORENSEN, as Trustee of SORENSEN RESEARCH AND | Case No. 06cv1572 BTM (CAB) |
| 15   DEVELOPMENT TRUST, | **DEFENDANT'S PRELIMINARY INVALIDITY CONTENTIONS** |
| 16                  Plaintiff, | **PURSUANT TO PATENT L.R. 3.3** |
| 17          vs. | |
| 18   THE BLACK & DECKER CORPORATION, | |
| 19                  Defendant. | |

20          Defendant The Black & Decker Corporation ("Black & Decker") makes the following
21   disclosure of its Preliminary Invalidity Contentions as required under Patent L.R. 3.3.
22   Defendant currently has a motion pending for summary judgment of noninfringement based on
23   the fact that The Black & Decker Corporation does not make, use sell, offer for sale or import
24   any products at all, much less the products accused of infringement in this action.  Plaintiff
25   currently has a motion pending to join additional parties as defendants to this action.
26   Accordingly, Defendant reserves the right to correct, amend, or modify these disclosures based
27   on the outcome of its summary judgment motion, and based upon which Black & Decker
28   subsidiaries, if any, are added to the litigation.

                              -1-          Case No. 06cv1572 BTM (CAB)

1    Plaintiff's preliminary infringement contentions pursuant to Patent L.R. 3.1 identify only
2 claim 1 of U.S. Patent No. 4,935,184 ("the '184 patent") as being asserted against Black &
3 Decker. If additional claims are asserted, Black & Decker reserves the right to supplement its
4 invalidity contentions to address all later asserted claims.
5    Black & Decker contends that Plaintiff's own claim construction contentions (as set
6 forth, for example, in Plaintiff's Memorandum in Support of Summary Determination of
7 Infringement, Doc. #33) render claim 1 invalid over the prior art. Black & Decker does not
8 agree with the Plaintiff's claim construction (in fact, Black & Decker contends that many of the
9 terms are incapable of reasonable construction as described in Section D. below) but has applied
10 it here so that the focus of the parties' dispute is on the technical substance of the prior art and
11 not on collateral claim construction issues. Black & Decker will set forth its complete claim
12 construction position in the time and manner required under Patent L.R. 4.1.

13    **A.    The Identity of Prior Art**

14    Black & Decker identifies the following categories of prior art:

15    **Prior Art Patents**

| **Patent Number** | **Country of Origin** | **Date of Issue** |
|---|---|---|
| 2,510,091 | U.S. | June 6, 1950 |
| 2,863,241 | U.S. | December 9, 1958 |
| 3,164,864 | U.S. | January 12, 1965 |
| 3,178,497 | U.S. | April 13, 1965 |
| 3,466,700 | U.S. | September 16, 1969 |
| 3,807,920 | U.S. | April 30, 1974 |
| 4,242,391 | U.S. | December 30, 1980 |
| 4,422,995 | U.S. | December 27, 1983 |
| 4,440,820 | U.S. | April 3, 1984 |

-2-                    Case No. 06cv1572 BTM (CAB)

| **Patent Number** | **Country of Origin** | **Date of Issue** |
|---|---|---|
| 4,459,256 | U.S. | July 10, 1984 |
| 4,495,125 | U.S. | January 22, 1985 |
| 4,585,686 | U.S. | April 29, 1986 |
| 4,676,941 | U.S. | June 30, 1987 |
| 4,743,422 | U.S. | May 10, 1988 |
| 60-119520 (App. No. 59-7042) | Japan | August 13, 1985 (Pub. Date) |
| 61-47223 (App. No. 59-169665) | Japan | March 7, 1986 (Pub. Date) |
| 62- 279911 | Japan | December 4, 1987 (Pub. Date) |
| 55-071541 (App. No. 53-144859) | Japan | May 29, 1980 (Pub. Date) |
| App. No. GB 2004 494 A | UK | April 4, 1979 (Pub. Date) |
| Pub. No. WO 87/012329 | PCT/Priority U.S. | March 12, 1987 (Pub. Date) |

## **Prior Art Publications**

| Title | Date of Publication | Author | Publisher |
|---|---|---|---|
| Multi-Color Injection Moulding Machines for the Processing of Thermoplastic Materials | 1983 | Reiner Jensen | Krauss-Maffei AG |
| Promat 100-100/100 by Nestal | | Nestal | Nestal |
| New Vigor for Two-Shot Molding with Automation ... Versatility ... Ingenuity | May 1968 | Val Wright | Modern Plastics |

**Prior Art Under 35 U.S.C. §102(b)**

| Description of Item | Action Date | First Party | Second Party |
|---|---|---|---|
| Parking Brake Grip | 9/10/82 to 7/2/86 | Phillips Plastics Corp. | Atwood Automotive |
| Automotive pushbuttons | 6/30/81 to 3/17/86 | Phillips Plastics Corp. | Ford Motor Co. |
| Knob Infinite Switch | 1/22/87 to 2/5/87 | Phillips Plastics Corp. | Jenn-Air Corp. |
| Button Release Assembly | 11/14/84 to 2/5/87 | Phillips Plastics Corp. | Eastman Kodak |
| S Series Camera Body | 6/14/86 to 2/5/87 | Phillips Plastics Corp. | Eastman Kodak |
| Two Shot Knob | 1/27/86 to 9/26/86 | Phillips Plastics Corp. | TRW |
| Set-Coast Switch, Part No. B9207-C | 8/8/85 to 10/85 | Phillips Plastics Corp. | Methode Electronics |
| GM Part No. 16508729 | 12/85 to 2/5/87 | Redoe Molding | General Motors |
| GM Part No. 16508885 - 886 | 12/85 to 2/5/87 | Hallmark Technologies | General Motors |
| BMW 528i Part No. 63 21 1 361 603 | 1979 | Krauss-Maffei AG | BMW |

**B.    Whether each item of prior art anticipates each asserted claim or renders it obvious.**

Black & Decker contends that the following references anticipate claim 1 of the '184 patent: see Section C, Table 1.

Black & Decker contends that the following references in combination render obvious claim 1 of the '184 patent: see Section C, Table 2, and Table 3 Figures A, D, F and G.

# EXHIBIT D

1   J. Christopher Jaczko (149317)
    Allison H. Goddard (211098)
2   JACZKO GODDARD LLP
    4401 Eastgate Mall
3   San Diego, California 92121
    Phone: (858) 550-6150
4   Fax: (858) 225-3500

5   Raymond P. Niro, Jr. *(Pro Hac Vice)*
    Dina M. Hayes *(Pro Hac Vice)*
6   Gregory P. Casimer *(Pro Hac Vice)*
    NIRO, SCAVONE, HALLER & NIRO
7   181 West Madison, Suite 4600
    Chicago, Illinois  60602-4515
8   Phone: (312) 236-0733
    Fax: (312) 236-3137
9
    Attorneys for Defendant
10  The Black & Decker Corporation

11
                    UNITED STATES DISTRICT COURT
12
            FOR THE SOUTHERN DISTRICT OF CALIFORNIA
13

14  JENS ERIK SORENSEN, as Trustee of        Case No. 06cv1572 BTM (CAB)
    SORENSEN RESEARCH AND
15  DEVELOPMENT TRUST,                        **DEFENDANT'S AMENDED
                                              PRELIMINARY INVALIDITY
16              Plaintiff,                    CONTENTIONS PURSUANT TO
                                              PATENT L.R. 3.3**
17       vs.

18  THE BLACK & DECKER CORPORATION,

19              Defendant.

20
            Defendant The Black & Decker Corporation ("Black & Decker") makes the following
21
    supplemental disclosure of its Preliminary Invalidity Contentions as required under Patent L.R.
22
    3.3.  Defendant states that this is the statement of The Black & Decker Corporation and not the
23
    statement of any other defendant added to this action by the court's ruling on Plaintiff's motion
24
    to join additional parties.
25
            Plaintiff's preliminary infringement contentions pursuant to Patent L.R. 3.1 identify only
26
    claim 1 of U.S. Patent No. 4,935,184 ("the '184 patent") as being asserted against Black &
27
    Decker. If additional claims are asserted, Black & Decker reserves the right to supplement its
28
    invalidity contentions to address all later asserted claims.

                                    -1-          Case No. 06cv1572 BTM (CAB)

Black & Decker contends that Plaintiff's own claim construction contentions (as set forth, for example, in Plaintiff's Memorandum in Support of Summary Determination of Infringement, Doc. #33) render claim 1 invalid over the prior art. Black & Decker does not agree with the Plaintiff's claim construction (in fact, Black & Decker contends that many of the terms are incapable of reasonable construction as described in Section D. below) but has applied it here so that the focus of the parties' dispute is on the technical substance of the prior art and not on collateral claim construction issues. Black & Decker will set forth its complete claim construction position in the time and manner required under Patent L.R. 4.1.

**A.      The Identity of Prior Art**

Black & Decker identifies the following categories of prior art:

**Prior Art Patents**

| Patent Number | Country of Origin | Date of Issue |
|---|---|---|
| 2,510,091 | U.S. | June 6, 1950 |
| 2,863,241 | U.S. | December 9, 1958 |
| 3,164,864 | U.S. | January 12, 1965 |
| 3,178,497 | U.S. | April 13, 1965 |
| 3,466,700 | U.S. | September 16, 1969 |
| 3,807,920 | U.S. | April 30, 1974 |
| 4,242,391 | U.S. | December 30, 1980 |
| 4,422,995 | U.S. | December 27, 1983 |
| 4,440,820 | U.S. | April 3, 1984 |
| 4,459,256 | U.S. | July 10, 1984 |
| 4,495,125 | U.S. | January 22, 1985 |
| 4,585,686 | U.S. | April 29, 1986 |

| **Patent Number** | **Country of Origin** | **Date of Issue** |
|---|---|---|
| 4,676,941 | U.S. | June 30, 1987 |
| 4,743,422 | U.S. | May 10, 1988 |
| 60-119520 (App. No. 59-7042) | Japan | August 13, 1985 (Pub. Date) |
| 61-47223 (App. No. 59-169665) | Japan | March 7, 1986 (Pub. Date) |
| 62- 279911 | Japan | December 4, 1987 (Pub. Date) |
| 55-071541 (App. No. 53-144859) | Japan | May 29, 1980 (Pub. Date) |
| App. No. GB 2004 494 A | UK | April 4, 1979 (Pub. Date) |
| Pub. No. WO 87/012329 | PCT/Priority U.S. | March 12, 1987 (Pub. Date) |
| Pub. No. 1 850 999 | Germany | May 3, 1962 (Pub. Date) |

**Prior Art Publications**

| Title | Date of Publication | Author | Publisher |
|---|---|---|---|
| Multi-Color Injection Moulding Machines for the Processing of Thermoplastic Materials | 1983 | Reiner Jensen | Krauss-Maffei AG |
| Promat 100-100/100 by Nestal | | Nestal | Nestal |
| New Vigor for Two-Shot Molding with Automation … Versatility … Ingenuity | May 1968 | Val Wright | Modern Plastics |

**Prior Art Under 35 U.S.C. §102(b)**

| Description of Item | Action Date | First Party | Second Party |
|---|---|---|---|

-3-                    Case No. 06cv1572 BTM (CAB)

| Parking Brake Grip | 9/10/82 to 7/2/86 | Phillips Plastics Corp. | Atwood Automotive |
| Automotive pushbuttons | 6/30/81 to 3/17/86 | Phillips Plastics Corp. | Ford Motor Co. |
| Knob Infinite Switch | 1/22/87 to 2/5/87 | Phillips Plastics Corp. | Jenn-Air Corp. |
| Button Release Assembly | 11/14/84 to 2/5/87 | Phillips Plastics Corp. | Eastman Kodak |
| S Series Camera Body | 6/14/86 to 2/5/87 | Phillips Plastics Corp. | Eastman Kodak |
| Two Shot Knob | 1/27/86 to 9/26/86 | Phillips Plastics Corp. | TRW |
| Set-Coast Switch, Part No. B9207-C | 8/8/85 to 10/85 | Phillips Plastics Corp. | Methode Electronics |
| GM Part No. 16508729 | 12/85 to 2/5/87 | Redoe Molding | General Motors |
| GM Part No. 16508885 - 886 | 12/85 to 2/5/87 | Hallmark Technologies | General Motors |
| BMW 528i Part No. 63 21 1 361 603 | 1979 | Krauss-Maffei AG | BMW |

**B.    Whether each item of prior art anticipates each asserted claim or renders it obvious.**

Black & Decker contends that the following references anticipate claim 1 of the '184 patent: see Section C, Table 1.

Black & Decker contends that the following references in combination render obvious claim 1 of the '184 patent: see Section C, Table 2, and Table 3 Figures A, D, F and G.

# EXHIBIT E

**Notice of Changes in Requirement
for a Substantial New Question of Patentability for
a Second or Subsequent Request for Reexamination
While an Earlier Filed Reexamination is Pending**

**A. Summary:**  The United States Patent and Trademark Office (Office) revised section 2240 of the Manual of Patent Examining Procedure (MPEP) in May of 2004 to set forth a new policy when a second or subsequent request for reexamination is filed while an "earlier filed reexamination" is **pending**, and the second or subsequent request cites only prior art (hereinafter "old art") which raised a substantial new question of patentability (SNQ) in the pending reexamination proceeding.  See MPEP § 2240 (8th ed. 2001)(Rev. 2, May 2004).  Under the new policy, the second or subsequent request for reexamination will be ordered **only** if that old prior art raises a substantial new question of patentability which is **different** than that raised in the pending reexamination proceeding.  If the old prior art cited (in the second or subsequent request) raises only the same issues that were raised to initiate the pending reexamination proceeding, the second or subsequent request will be denied.

It is to be noted that reliance on prior art cited in the pending reexamination (old art) does not preclude the existence of a SNQ that is based exclusively on that old art.  Determinations on whether a SNQ exists in such an instance shall be based upon a fact-specific inquiry done on a case-by-case basis.  For example, a SNQ may be based solely on old art where the old art is being presented/viewed in a new light, or in a different way, as compared with its use in the earlier concluded examination(s), in view of a material new argument or interpretation presented in the request. The presentation/viewing of old art in a new light, or in a different way, is discussed in Ex parte Chicago Rawhide, 223 USPQ 351 (Bd. Pat. App. & Inter. 1984).

**B. Background:**  A request for ex parte reexamination of a patent pursuant to 35 U.S.C. 302, and a request for inter partes reexamination of a patent pursuant to 35 U.S.C. 311, must raise a substantial new question of patentability (SNQ) in order for a reexamination of the patent to be initiated.  More than one reexamination request may be filed for the same patent, and a second or subsequent reexamination request for reexamination of a patent, where a first reexamination proceeding is pending, has historically been granted based on the **same** prior art that raised the SNQ in a pending first reexamination proceeding.

It has been the Office's experience, however, that both patent owners and third party requesters have used a second or subsequent reexamination request (based on the same substantial new question of patentability initially raised or existing in the pending reexamination proceeding) to prolong the reexamination proceeding, and in some instances, to turn it essentially into an inter partes proceeding.  These actions by patent owners and third party requesters have resulted in multiple reexaminations taking years to conclude, thus making it extremely difficult for the Office to conclude reexamination proceedings with "special dispatch" as required by statute (35 U.S.C. 305 for ex parte reexamination, 35 U.S.C. 314 inter partes reexamination).  For example, under the prior practice, a patent owner whose claims are rejected in a pending

reexamination proceeding could repeatedly file multiple ex parte reexamination requests based on the same substantial new question of patentability raised, or existing, in the pending reexamination proceeding.  By doing so, the patent owner could keep the reexamination proceeding pending indefinitely, to delay the issue of a reexamination certificate canceling the claims of the patent being reexamined.  Additionally, a third party requester could file a second or subsequent reexamination request, while a first reexamination proceeding is pending, based on the same substantial new question of patentability raised, or existing, in the first reexamination proceeding, in order to address any responses to Office actions made by the patent owner.  This use of a second or subsequent reexamination request has permitted third party requesters to, in effect, obtain an inter partes type of reexamination process in an ex parte reexamination proceeding.

Moreover, concerns regarding lengthy ex parte reexamination pendency resulting from multiple reexamination request filings were raised by witnesses at the Office's Round Table on the Equities of Inter Partes Reexamination Proceedings held February 17, 2004.

**C.  Implementation of New Policy:**  Responsive to these concerns, the Office revised its policy to be as is now set forth in the current (May 2004) revision of MPEP § 2240, that is:  **the SNQ for a second or subsequent request for reexamination must be new and different than any SNQ that was raised, or existed, during any prior pending or concluded reexamination proceeding for the patent.**  This revised policy is consistent with the statutory mandate of special dispatch and the intent of the ex parte reexamination statute (an ex parte reexamination proceeding is not an inter partes type of reexamination process).  Further, 35 U.S.C. 303(a) states that "[w]ithin three months following the filing of a request for reexamination under the provisions of section 302 of this title, the Director will determine whether a substantial new question of patentability affecting any claim of the patent concerned is raised by the request."  It is reasonable to interpret this provision as requiring each request for reexamination to raise its own substantial new question of patentability as compared not only to the original prosecution (in the application for the patent) and any earlier, concluded reexamination proceedings, but to pending reexamination proceedings as well.  To accompany the revision of MPEP § 2240, MPEP § 2640, which was newly added to the MPEP in May of 2004 to address inter partes reexamination proceedings, was drafted to implement this revision of policy for inter partes reexamination proceedings.

**D.  Transition Procedure:**  It is noted that, as a consequence of the changes made to MPEP § 2240, a patent owner will now be prevented from obtaining entry of an amendment and/or evidence not entered after final rejection in an ex parte reexamination proceeding by filing another request for reexamination based on the same substantial question of patentability raised/existing in the pending reexamination proceeding. In order to provide relief to the patent owner, the Office plans to propose a revision to the patent rules to provide for the filing of a request for continued reexamination (RCR) which would be similar to the request for continued examination (RCE) practice for applications. If the RCR practice is implemented, the patent owner, by filing an RCR, could obtain continued prosecution on the merits in the reexamination

2

proceeding, including entry of an amendment and/or evidence that was denied entry after a final rejection in an <u>ex parte</u> reexamination proceeding or after an action closing prosecution in an <u>inter partes</u> reexamination proceeding.

Until these new rules become effective, however, patent owners are advised to use either: (1) the petition procedure under 37 CFR § 1.181 to seek review of a denial of entry of an amendment submitted after final rejection in an <u>ex parte</u> reexamination proceeding or after an action closing prosecution in an <u>inter partes</u> reexamination proceeding; or (2) the petition procedure under 37 CFR § 1.182 to seek relief that is not currently provided by an existing rule, but that would be provided when a new request for continued reexamination (RCR) practice is in effect.

**E. Inquiries:** Inquiries regarding this matter may be directed to Kenneth M. Schor, Senior Legal Advisor, Office of Patent Legal Administration at telephone: (571) 272-7710.

Date: _____2/2/05_____          Signed:___/S/_____
                                        JOSEPH J. ROLLA
                                        Deputy Commissioner
                                         for Patent Examination Policy

3