# Exhibit 2

HOGAN & HARTSON L.L.P.

RACHEL M. CAPOCCIA, SBN 187160
1999 Avenue of the Stars, Suite 1400
Los Angeles, California 90067
Telephone: (310) 785-4600
Facsimile: (310) 785-4601
rmcapoccia@hhlaw.com

ERIC J. LOBENFELD, *admitted pro hac vice*
875 Third Avenue
New York, New York 10022
Telephone: (212) 918-3000
Facsimile: (212) 918-3100
ejlobenfeld@hhlaw.com

Attorneys for Defendant MOTOROLA, INC.

UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JENS ERIK SORENSEN, as Trustee of SORENSEN RESEARCH AND DEVELOPMENT TRUST,<br><br>Plaintiff,<br><br>v.<br><br>MOTOROLA, INC., a Delaware corporation; and DOES 1-100,<br><br>Defendants | Case No.: 08-cv-0136-BTM-CAB<br><br>MOTOROLA INC.'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION TO STAY THE LITIGATION PENDING THE OUTCOME OF REEXAMINATION PROCEEDINGS AND ITS MOTION FOR COSTS AND ATTORNEYS' FEES |

Defendant Motorola, Inc. ("Motorola") hereby moves the Court to stay this case pending the outcome of two reexaminations before the United States Patent and Trademark Office ("PTO") of the only asserted patent in this case, just as this Court has already stayed five other lawsuits before this Court for the duration of the reexamination proceedings. Motorola also moves the Court to award its attorneys fees and costs for the present motion.

1  Case No.: 08-cv-0136-BTM-CAB

\\\NY - 030629/000022 - 1077313 v3

I. FACTUAL BACKGROUND

Plaintiff Jens Erik Sorensen as Trustee of the Sorensen Research and Development Trust ("Sorensen") was the owner of United States Patent No. 4,935,184 ("the '184 Patent") which expired on February 5, 2008. On July 30, 2007, a third party request for an ex parte reexamination of the '184 Patent was filed with the PTO. United States Patent and Trademark Office's Order Granting Request for Ex-Parte Reexamination of U.S. Patent No. 4,935,184, issued on October 11, 2007 ("First Reexamination") at 3, Ex. 1[1]. In view of the First Reexamination request, this Court, by order dated September 10, 2007, stayed litigation between Sorensen and Black & Decker Corporation et al., concluding that although the litigation had been ongoing for more than a year, a stay was warranted "to avoid the risk of unnecessary litigation and to permit the clarification of the issues before this Court." *Sorensen v. Black & Decker Corp. et al. ("Black & Decker")*, Case No. 06-cv-1572 BTM CAB, Doc. #243 (S.D. Cal. Sept. 10, 2007) (the "Black & Decker Stay Order") at 10, Ex. 2.

On October 11, 2007, the PTO granted the First Reexamination request citing eight pieces of prior art that raised thirteen substantial new questions of patentability. *See* First Reexamination, at 5-16. Another third party request for reexamination of the '184 Patent was filed with the PTO on December 21, 2007 and two months later, the PTO accepted this second request, citing eight additional pieces of prior art that raised nine different substantial questions of patentability. *See* United States Patent and Trademark Office's Order Granting Request for Ex-Parte Reexamination of U.S. Patent No. 4,935,184, issued on February 21, 2008 ("Second Reexamination"), Ex. 3. Thus, together, the First Reexamination and the Second Reexamination (collectively the "Reexaminations") cite 16 pieces of prior art and the PTO has identified 21 substantial new questions of patentability arising from that prior art.

Undaunted in the face of the Reexaminations, Sorensen thereafter filed more than 20

---

[1] Unless otherwise indicated, all references to "Ex. __" refer to the ordered exhibits attached to the Declaration of Eric J. Lobenfeld in Support of Motorola's Motion to Stay ("Dec. of E. Lobenfeld"), sworn to April 9, 2008.

2   Case No.: 08-cv-0136-BTM-CAB

\\NY - 030629/000022 - 1077313 v1

related lawsuits in this Court, including the instant action against Motorola on January 23, 2008. This Court has presently stayed four of these related actions in addition to *Black & Decker*.[2] In each of these four stay orders, this Court included two measures to ensure that Sorensen would not be prejudiced by the stay. First, the Court stated that, "if it appears that the reexamination will not be effected within a reasonable time, [Sorensen] may move to vacate the stay." And two, "any party may apply to the Court for an exception to the stay if it has specific valid reasons to believe that it needs to obtain discovery in order to preserve evidence that will otherwise be unavailable after the stay." Giant Int'l Stay Order; Helen of Troy Stay Order; Esseplast Stay Order; Energizer Stay Order.

In light of the five stays already issued by this Court, Motorola proposed that the parties stipulate to a stay of the instant action. Decl. of E. Lobenfeld, ¶ 9, Ex. 8. Motorola offered to include in the stipulation the very same measures to protect Sorensen if the Reexaminations take too long or if Sorensen believes that it needs to obtain discovery. *Id.* For no valid reason, Sorensen rejected Motorola's proposed stipulation for a stay, asserting that this action is somehow different from *Black & Decker, Giant Int'l, Helen of Troy, Esseplast* and *Energizer* ("*Black & Decker et al*"). When asked how this action differs and asked why a stay was unwarranted, Sorensen could not elaborate other than referencing its analysis of recent reexamination statistics ("Sorensen Analysis") that it had made in *Energizer*. *Id.* After pointing out that this argument had already been made, and had not persuaded the Court, which stayed the *Energizer* case, Sorensen still refused to stipulate to a stay and claimed that information in its possession led it to believe that a stay in this case was not appropriate. When pressed for more details, Sorensen offered nothing further except the same arguments about reexamination

---

[2]  *Sorensen v. Giant Int'l, et al. ("Giant Int'l")*, Case No. 07-cv-2121 BTM (CAB), Doc. #28 (S.D. Cal. Feb. 28, 2008) ("Giant Int'l Stay Order") Ex. 4; *Sorensen v. Helen of Troy, et al. ("Helen of Troy")*, Case No. 07-cv-2278 BTM (CAB), Doc. #26 (S.D. Cal. Feb 28, 2008) ("Helen of Troy Stay Order") Ex. 5; *Sorensen v. Esseplast USA, Inc. et al. ("Esseplast")*, Case No. 07-cv-2277 BTM (CAB), Doc. #14 (S.D. Cal. Jan. 28, 2008) ("Esseplast Stay Order") Ex. 6; *Sorensen v. Energizer Holdings, Inc. ("Energizer")*, Case No. 07-cv-2321 BTM (CAB), Doc. #21 (S.D. Cal. Jan. 31, 2008) ("Energizer Stay Order") Ex. 7.

3   Case No.: 08-cv-0136-BTM-CAB

statistics that had failed to persuade this Court in *Energizer*. *Id*. With no other choice, Motorola was forced to make this motion.

II.  **THERE ARE NO DIFFERENCES BETWEEN THIS ACTION AND *BLACK & DECKERER ET AL*, ACCORDINGLY THE COURT SHOULD GRANT A STAY**

Motorola will not burden the Court by repeating the arguments already stated in *Black & Decker et al*. In each of those actions, based on their specific facts and circumstances, the Court correctly recognized that a stay was warranted. The Court, we submit, should do the same here. There is no difference between this action and *Black & Decker et al* that would make a stay of these proceedings unwarranted, and Motorola leaves it to Sorensen to try and articulate one.

Even if there were some colorable difference between this action and *Black & Decker et al*, as Sorensen is well aware, the Court can grant the same protective measures that will avoid any undue prejudice. For starters, Sorensen can seek to vacate the stay if the Reexaminations appear to be taking too long. If Sorensen ultimately prevails, this Court may award prejudgment interest that would fully compensate Sorensen for any loss caused by a delay in collecting damages. Also, this Court can fashion a means to address any issues Sorensen has concerning the preservation of evidence. If Sorensen can point to a specific need to obtain discovery, this Court may allow it.

Until Sorensen can say why this case is different from *Black & Decker et al* in some way that makes a difference, and why the Court's protective measures would not address such a difference, the litigation should be stayed. Because Sorensen cannot do this, it has needlessly wasted the parties' and the Court's resources by forcing this motion.

III. **THE COURT SHOULD AWARD MOTOROLA ATTORNEYS' FEES BECAUSE SORENSEN, THROUGH ITS COUNSEL, FORCED THIS MOTION IN BAD FAITH**

Sorensen and its attorneys have wasted the Court's and the parties' time and resources by forcing the present motion. Under 28 U.S.C. §1927, "[a]ny attorney…who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy

personally the excess costs, expenses and attorneys' fees reasonably incurred because of such conduct." A court may imposed sanctions under §1927 where an attorney acted in "bad faith, with improper motive, or a reckless disregard of the duty owed to the court." *Landis Revin Nutraceuticals v. Arthur Andrew Medical, Inc.*, 2007 WL 397144 *5 (E.D. Cal. Feb. 1, 2007) (citing *New Alaska Develop. Corp. v. Guetchow*, 869 F.2d 1298, 1306 (9th Cir. 1989)). Similarly, under its inherent authority, the Court may impose sanctions where it makes a specific finding that an attorney or a party acted in bad faith, vexatiously, wantonly or for oppressive reasons. *Id.* (citing *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991)). Courts may impose sanctions where counsel forces the opposing side to move a court for an order that is clearly warranted. *See Id.* at *5-6 (imposing sanctions on an attorney who forced the opposing side to move to set aside default judgments, despite the attorney knowing that he did not have valid proof of service).

    Here, Sorensen refused to stipulate to a stay, citing the unsuccessful Sorensen Analysis to Motorola on two separate occasions. After the first occasion, Motorola pointed out that the Sorensen Analysis had not changed this Court's thinking. Expecting different results by doing the same thing over and over, Sorensen continued to refuse a stipulation by repeating its failed argument. Sorensen forced Motorola to act despite knowing that it cannot win this motion on the basis of the Sorensen Analysis. Sorensen has already had five bites at the apple, and each time it has come up empty handed. Without advancing any new arguments, Sorensen believes that it should get another try so that it can needlessly waste the Court's and Motorola's time and resources. This Court should rebuke Sorensen for that notion and award costs and attorneys' fees.

## IV. CONCLUSION

For the foregoing reasons, this case should be stayed pending the outcome of the Reexaminations. The validity of '184 Patent is presently in doubt and these proceedings should be stayed until that doubt is either confirmed or erased. Also, the Court should award Motorola its costs and attorneys' fees for this motion. Sorensen needlessly forced the Court to decide an issue that it has addressed on no less than five other occasions.

Dated: April 9, 2008

Respectfully submitted,

HOGAN & HARTSON LLP

By: /S/ _____

RACHEL M. CAPOCCIA, SBN 187160
1999 Avenue of the Stars, Suite 1400
Los Angeles, California 90067
Telephone: (310) 785-4600
Facsimile: (310) 785-4601
rmcapoccia@hhlaw.com

ERIC J. LOBENFELD, *admitted pro hac vice*
875 Third Avenue
New York, New York 10022
Telephone: (212) 918-3000
Facsimile: (212) 918-3100
ejlobenfeld@hhlaw.com

Attorneys for Defendant MOTOROLA, INC.