# Exhibit 4

### Goldberg, Nolan M.

| | |
|---|---|
| From: | Goldberg, Nolan M. |
| Sent: | Tuesday, April 22, 2008 4:05 PM |
| To: | 'michael@kalerlaw.com' |
| Cc: | Shalek, James H.; Mayer, Robert S. |
| Subject: | Sorensen v. Informatics and Datalogic |
| Attachments: | (10988596_1)Joint motion and stip for stay ng 4_14_08.DOC |

Dear Michael,

I write to request that Sorensen consent to stay its case against Datalogic and Informatics pending the conclusion of the two reexamination proceedings currently pending before the U.S. Patent Office.

As you know, Judge Moskowitz has already issued a stay in at least 5 other related litigations: *Sorensen v. Black and Decker Corp. et al.*; *Sorensen v. Giant Int'l, et al.*; *Sorensen v. Helen of Troy, et al.*; *Sorensen v. Esseplast USA, Inc., et al.*; and *Sorensen v. Energizer Holding, Inc., et al.* As this case is also before Judge Moskowitz, the entry of a stay in this matter appears to be a foregone conclusion.

Attached is a proposed joint stipulation incorporating the terms that were included by the Court in its prior Orders.

Please promptly advise whether Sorensen will consent to this stay, so that we can avoid burdening the Court and our clients unnecessarily.

Additionally, please be advised that Sorensen's complaint names a party that either does not exist or is not in any way associated with any of the other defendants, Informatics, Inc. a Texas Corporation. Please either confirm that Informatics, Inc. a Texas Corporation, has been properly named, or withdraw them as a defendant.

We look forward to your cooperation.

Very truly yours,

Nolan


Nolan M. Goldberg | PROSKAUER ROSE LLP
1585 Broadway | New York, NY 10036-8299
V: 212.969.3472 | F: 212.969.2900
ngoldberg@proskauer.com | www.proskauer.com


(10988596_1)Joint
motion and s...

1

| | |
|---|---|
| 1 | MELODY A. KRAMER, SBN 169984 |
|   | Kramer Law Office, Inc. |
| 2 | 9930 Mesa Rim Road, Suite 1600 |
|   | San Diego, California 92121 |
| 3 | Telephone: (858) 362-3150 |
|   | mak@kramerlawip.com |
| 4 | |
|   | J. MICHAEL KALER, SBN 158296 |
| 5 | Kaler Law Offices |
|   | 9930 Mesa Rim Road, Suite 1600 |
| 6 | San Diego, California 92121 |
|   | Telephone: (858) 362-3151 |
| 7 | michael@kalerlaw.com |
| 8 | Attorneys for Plaintiff JENS ERIK SORENSEN, |
|   | as Trustee of SORENSEN RESEARCH |
| 9 | AND DEVELOPMENT TRUST |
| 10 | James H. Shalek (82800) |
| 11 | PROSKAUER ROSE LLP |
|    | 1585 Broadway |
| 12 | New York, NY 10036-8299 |
|    | Tel. (212) 969-3000 |
| 13 | Fax (212) 969-2900 |
|    | JShalek@proskauer.com |
| 14 | |
| 15 | Jonathan E. Rich (187386) |
|    | PROSKAUER ROSE LLP |
| 16 | 2049 Century Park East, 32nd Floor |
|    | Los Angeles, California 90067-3206 |
| 17 | Tel. (310) 557-2900 |
|    | Fax. (310) 557-2193 |
| 18 | JRich@proskauer.com |
| 19 | |
|    | Attorneys for Defendants INFORMATICS |
| 20 | HOLDINGS, INC.; DATALOGIC |
|    | SCANNING, INC.; and DATALOGIC |
| 21 | SCANNING HOLDINGS, INC. |
| 22 | |
| 23 | |
| 24 | |
| 25 | |
| 26 | |
| 27 | |
| 28 | |

4967/99999-719
Current/10988596v

Shalek Decl. – P. 22

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JENS ERIK SORENSEN, as trustee of SORENSEN RESEARCH AND DEVELOPMENT TRUST,<br><br>Plaintiff,<br><br>v.<br><br>INFORMATICS, INC. a Texas Corporation; INFORMATICS HOLDINGS, INC., a Delaware Corporation; DATALOGIC SCANNING, INC., a Delaware Corporation; DATALOGIC SCANNING HOLDINGS, INC., a New York Corporation.<br><br>Defendants. | Case No. 08 cv 134 BTM CAB<br><br>**JOINT MOTION AND STIPULATION FOR STAY** |

WHEREAS, the above-captioned action is one of a number of actions instituted in this and other courts by Plaintiff Jens Erik Sorensen, as Trustee of Sorensen Research and Development Trust ("Sorensen"), for alleged infringement of United States Letters Patent No. 4,935,184 (the "'184 Patent"), and;

WHEREAS the '184 Patent is currently the subject of two separate reexamination proceedings (the "Reexaminations") in the United States Patent and Trademark Office, and;

WHEREAS, by Order dated September 10, 2007, (the "Order") this Court has already stayed, pending resolution of one of the Reexaminations, the action entitled <u>Sorensen v. Black & Decker Corp. et al.</u>, Case No. 06cv1572 BTM (CAB) ("<u>Black & Decker</u>") which asserts alleged infringement of the '184 Patent; and

4967/99999-719
Current/10988596v

WHEREAS, for the same reasons enunciated by the Court in the Order, Sorensen and defendants Informatics Holdings, Inc.; Datalogic Scanning, Inc.; and Datalogic Scanning Holdings, Inc. (collectively "Defendants") wish to conserve the resources of the parties and the Court while the Reexaminations are pending.

NOW, THEREFORE, Sorenson and Defendants, by and through their respective counsel, hereby stipulate to and jointly move the Court as follows:

1. The above-captioned case is hereby stayed until the earlier of:

    a. The final resolution of the Reexaminations, or

    b. The lifting of the stay in Black & Decker.

2. Plaintiff may move to vacate the stay if it appears that the Reexaminations will not be effected within a reasonable time.

3. Any party may apply to the Court for an exception to the stay if it has specific, valid reasons to believe that it needs to obtain discovery in order to preserve evidence that will otherwise be unavailable after the stay.

| | |
|---|---|
| 1 | The parties have authorized electronic signature for purposes of this Joint Motion and |
| 2 | Stipulation. |

DATED this _____ of April, 2008

                                                  JENS ERIK SORENSEN, as trustee of
SORENSEN RESEARCH AND
DEVELOPMENT TRUST,
Plaintiff,

_____

Melody A. Kramer
J. Michael Kaler
Attorney for Plaintiff

INFORMATICS HOLDINGS, INC.;
DATALOGIC SCANNING, INC.; and
DATALOGIC SCANNING HOLDINGS, INC.,
Defendants

_____

James H. Shalek
Jonathan E. Rich
Attorney for Defendants

Page 1 of 2

### Goldberg, Nolan M.

**From:** Michael Kaler [michael@kalerlaw.com]
**Sent:** Tuesday, April 22, 2008 4:55 PM
**To:** Goldberg, Nolan M.
**Cc:** Melody A Kramer; evgenia bjork
**Subject:** Re: Sorensen v. Informatics and Datalogic

Dear Mr. Goldberg:

I appreciate your extending the professional courtesy of asking whether Plaintiff Sorensen Research & Development Trust ("SRDT") would stipulate to the relief you request prior to filing a motion for stay. However, we cannot agree to stipulate.

Case law on the issue holds that each case is different and must be considered on its own merits with regard to a stay. Further, at some point discovery of new evidence or unreasonable delay by the USPTO in the reexamination is likely to be the subject of a motion to lift stay. Moreover, a stay may sometime be the subject of an appeal. In either of these last two scenarios, SRDT cannot be in a position to have waived any of its rights by stipulating to a stay.

Therefore, will not be stipulating to stay.

Sincerely,

Michael Kaler


*"Goldberg, Nolan M." <NGoldberg@proskauer.com> wrote:*

> Dear Michael,
> I write to request that Sorensen consent to stay its case against Datalogic and Informatics pending the conclusion of the two reexamination proceedings currently pending before the U.S. Patent Office.
> As you know, Judge Moskowitz has already issued a stay in at least 5 other related litigations: *Sorensen v. Black and Decker Corp. et al.*; *Sorensen v. Giant Int'l, et al.*; *Sorensen v. Helen of Troy, et al.*; *Sorensen v. Esseplast USA, Inc., et al.*; and *Sorensen v. Energizer Holding, Inc., et al.* As this case is also before Judge Moskowitz, the entry of a stay in this matter appears to be a foregone conclusion.
> Attached is a proposed joint stipulation incorporating the terms that were included by the Court in its prior Orders.
> Please promptly advise whether Sorensen will consent to this stay, so that we can avoid burdening the Court and our clients unnecessarily.
> Additionally, please be advised that Sorensen's complaint names a party that either does not exist or is not in any way associated with any of the other defendants, Informatics, Inc. a Texas Corporation. Please either confirm that Informatics, Inc. a Texas Corporation, has been properly named, or withdraw them as a defendant.
> We look forward to your cooperation.
> Very truly yours,
> Nolan

4/25/2008

Nolan M. Goldberg | PROSKAUER ROSE LLP
1585 Broadway | New York, NY 10036-8299
v: 212.969.3472 | F: 212.969.2900
ngoldberg@proskauer.com | www.proskauer.com

<<(10988596_1)Joint motion and stip for stay ng 4_14_08.DOC>>

************************************************************ To ensure compliance wi
 its attachments are sent from a law firm  and may contain information that is conf

J. Michael Kaler
Law Offices of J. Michael Kaler
9930 Mesa Rim Road, Suite 200
San Diego, CA 92121
Phone: 858-362-3151
Fax: 858-824-9073
e-mail: michael@kalerlaw.com

4/25/2008

### Goldberg, Nolan M.

**From:** Goldberg, Nolan M.
**Sent:** Wednesday, April 23, 2008 10:57 AM
**To:** 'Michael Kaler'
**Cc:** Melody A Kramer; evgenia bjork; Shalek, James H.; Mayer, Robert S.
**Subject:** RE: Sorensen v. Informatics and Datalogic

Dear Michael,

Thank you for your prompt reply.

As a preliminary matter, could you please respond to the portion of my April 22 e-mail concerning Informatics, Inc., a Texas Corporation, a party that is not related in any way to the other defendants, and appears to have been mistakenly named.

With regard to the stay, we understand SRDT's concern about a possible future motion to lift the stay, and accordingly the proposal that we sent to you provided that SRDT could "move to vacate the stay if it appears that the Reexaminations will not be effected within a reasonable time." Please suggest alternate language if you believe that the existing language is insufficient to protect SRDT's interests. Similarly, while we are not sure what appellate issues are of concern, we would be happy to consider including suitable language to address this in our stipulation as well.

Please identify the case law that you refer to that supports SRDT's position that each of the 23 related cases, which each appear to be similarly situated with regard to this particular issue, must burden the Court with 23 separate motions. Please also advise of any specific facts which make our case any different from the other 22 with regard to this issue. In the absence of such details, we are forced to conclude that SRDT merely wishes to relitigate issues already decided without any reason to do so, and we will be forced to move for a stay and for attorneys fees.

If SRDT is still unwilling to consent to a stay, would it be willing to agree to an additional 30 days of time for Informatics and Datalogic to Answer? Besides providing us with needed time, this would allow the Court to rule on the stay motion recently filed in the Motorola case, and, based upon that outcome, give us the opportunity to possibly reconsider our positions without unnecessary motion practice.

Very truly yours,

Nolan

Nolan M. Goldberg | PROSKAUER ROSE LLP
1585 Broadway | New York, NY 10036-8299
v: 212.969.3472 | F: 212.969.2900
ngoldberg@proskauer.com | www.proskauer.com

4/25/2008

Page 2 of 3

**From:** Michael Kaler [mailto:michael@kalerlaw.com]
**Sent:** Tuesday, April 22, 2008 4:55 PM
**To:** Goldberg, Nolan M.
**Cc:** Melody A Kramer; evgenia bjork
**Subject:** Re: Sorensen v. Informatics and Datalogic

Dear Mr. Goldberg:

I appreciate your extending the professional courtesy of asking whether Plaintiff Sorensen Research & Development Trust ("SRDT") would stipulate to the relief you request prior to filing a motion for stay. However, we cannot agree to stipulate.

Case law on the issue holds that each case is different and must be considered on its own merits with regard to a stay. Further, at some point discovery of new evidence or unreasonable delay by the USPTO in the reexamination is likely to be the subject of a motion to lift stay. Moreover, a stay may sometime be the subject of an appeal. In either of these last two scenarios, SRDT cannot be in a position to have waived any of its rights by stipulating to a stay.

Therefore, will not be stipulating to stay.

Sincerely,

Michael Kaler

*"Goldberg, Nolan M."* <NGoldberg@proskauer.com> wrote:

> Dear Michael,
> I write to request that Sorensen consent to stay its case against Datalogic and Informatics pending the conclusion of the two reexamination proceedings currently pending before the U.S. Patent Office.
> As you know, Judge Moskowitz has already issued a stay in at least 5 other related litigations: *Sorensen v. Black and Decker Corp. et al.*; *Sorensen v. Giant Int'l, et al.*; *Sorensen v. Helen of Troy, et al.*; *Sorensen v. Esseplast USA, Inc., et al.*; and *Sorensen v. Energizer Holding, Inc., et al.* As this case is also before Judge Moskowitz, the entry of a stay in this matter appears to be a foregone conclusion.
> Attached is a proposed joint stipulation incorporating the terms that were included by the Court in its prior Orders.
> Please promptly advise whether Sorensen will consent to this stay, so that we can avoid burdening the Court and our clients unnecessarily.
> Additionally, please be advised that Sorensen's complaint names a party that either does not exist or is not in any way associated with any of the other defendants, Informatics, Inc. a Texas Corporation. Please either confirm that Informatics, Inc. a Texas Corporation, has been properly named, or withdraw them as a defendant.
> We look forward to your cooperation.
> Very truly yours,
> Nolan
>
>
> Nolan M. Goldberg | PROSKAUER ROSE LLP

4/25/2008

Page 3 of 3

1585 Broadway | New York, NY 10036-8299
v: 212.969.3472 | F: 212.969.2900
ngoldberg@proskauer.com | www.proskauer.com

<<(10988596_1)Joint motion and stip for stay ng 4_14_08.DOC>>

************************************************************  To ensure compliance wi
 its attachments are sent from a law firm  and may contain information that is conf

J. Michael Kaler
Law Offices of J. Michael Kaler
9930 Mesa Rim Road, Suite 200
San Diego, CA 92121
Phone: 858-362-3151
Fax: 858-824-9073
e-mail: michael@kalerlaw.com

4/25/2008

**Goldberg, Nolan M.**

| | |
|---|---|
| From: | Michael Kaler [michael@kalerlaw.com] |
| Sent: | Wednesday, April 23, 2008 4:46 PM |
| To: | Goldberg, Nolan M. |
| Cc: | Melody A Kramer |
| Subject: | RE: Sorensen v. Informatics and Datalogic |

Dear Mr. Goldberg:

Allow me to address your key points separately. First, with regard to the issue of the party that you assert is an improper party, we will address that issue with all due diligence once discovery is open in the case. Only with the aid of discovery will we be able to fully probe the issue of whether or not that is a proper party, rather than relying on unsworn representations.

Turning to the requested stipulation for stay, Plaintiff will not stipulate to stay for the reasons previously articulated. Further, Plaintiff has no obligation to explain its reasons further until it explores them in greater detail in opposition papers if your client files a motion for stay.

Further, your hyperbole notwithstanding, Plaintiff's position to continue to oppose motion's for stay is fully proper, and if you insist on seeking to recover sanctions, it will only make your client's position look unreasonable.

Finally, with regard to your request for an extension of time to file an answer, you should recall that another counsel at your firm recently requested, and was granted, an extension of time to answer until May 12, 2008. That extension is more than sufficient for any review and preparation your firm might require before filing a responsive pleading. No further extension will be granted.

Sincerely,

Michael Kaler


"*Goldberg, Nolan M.*" <*NGoldberg@proskauer.com*> wrote:

> Dear Michael,
> Thank you for your prompt reply.
> As a preliminary matter, could you please respond to the portion of my April 22 e-mail concerning Informatics, Inc., a Texas Corporation, a party that is not related in any way to the other defendants, and appears to have been mistakenly named.
> With regard to the stay, we understand SRDT's concern about a possible future motion to lift the stay, and accordingly the proposal that we sent to you provided that SRDT could "move to vacate the stay if it appears that the Reexaminations will not be effected within a reasonable time." Please suggest alternate language if you believe that the existing language is insufficient to protect SRDT's interests. Similarly, while we are not sure what appellate issues are of concern, we would be happy to consider including

4/25/2008

suitable language to address this in our stipulation as well.

Please identify the case law that you refer to that supports SRDT's position that each of the 23 related cases, which each appear to be similarly situated with regard to this particular issue, must burden the Court with 23 separate motions. Please also advise of any specific facts which make our case any different from the other 22 with regard to this issue. In the absence of such details, we are forced to conclude that SRDT merely wishes to relitigate issues already decided without any reason to do so, and we will be forced to move for a stay and for attorneys fees.

If SRDT is still unwilling to consent to a stay, would it be willing to agree to an additional 30 days of time for Informatics and Datalogic to Answer? Besides providing us with needed time, this would allow the Court to rule on the stay motion recently filed in the Motorola case, and, based upon that outcome, give us the opportunity to possibly reconsider our positions without unnecessary motion practice.

Very truly yours,
Nolan

Nolan M. Goldberg | PROSKAUER ROSE LLP
1585 Broadway | New York, NY 10036-8299
v: 212.969.3472 | f: 212.969.2900
ngoldberg@proskauer.com | www.proskauer.com

---

**From:** Michael Kaler [mailto:michael@kalerlaw.com]
**Sent:** Tuesday, April 22, 2008 4:55 PM
**To:** Goldberg, Nolan M.
**Cc:** Melody A Kramer; evgenia bjork
**Subject:** Re: Sorensen v. Informatics and Datalogic

Dear Mr. Goldberg:

I appreciate your extending the professional courtesy of asking whether Plaintiff Sorensen Research & Development Trust ("SRDT") would stipulate to the relief you request prior to filing a motion for stay. However, we cannot agree to stipulate.

Case law on the issue holds that each case is different and must be considered on its own merits with regard to a stay. Further, at some point discovery of new evidence or unreasonable delay by the USPTO in the reexamination is likely to be the subject of a motion to lift stay. Moreover, a stay may sometime be the subject of an appeal. In either of these last two scenarios, SRDT cannot be in a position to have waived any of its rights by stipulating to a stay.

Therefore, will not be stipulating to stay.

Sincerely,

Michael Kaler


*"Goldberg, Nolan M."* <*NGoldberg@proskauer.com*> wrote:

| Dear Michael,

4/25/2008

Page 3 of 4

> I write to request that Sorensen consent to stay its case against Datalogic and Informatics pending the conclusion of the two reexamination proceedings currently pending before the U.S. Patent Office.
> As you know, Judge Moskowitz has already issued a stay in at least 5 other related litigations: *Sorensen v. Black and Decker Corp. et al.*; *Sorensen v. Giant Int'l, et al.*; *Sorensen v. Helen of Troy, et al.*; *Sorensen v. Esseplast USA, Inc., et al.*; and *Sorensen v. Energizer Holding, Inc., et al.* As this case is also before Judge Moskowitz, the entry of a stay in this matter appears to be a foregone conclusion.
> Attached is a proposed joint stipulation incorporating the terms that were included by the Court in its prior Orders.
> Please promptly advise whether Sorensen will consent to this stay, so that we can avoid burdening the Court and our clients unnecessarily.
> Additionally, please be advised that Sorensen's complaint names a party that either does not exist or is not in any way associated with any of the other defendants, Informatics, Inc. a Texas Corporation. Please either confirm that Informatics, Inc. a Texas Corporation, has been properly named, or withdraw them as a defendant.
> We look forward to your cooperation.
> Very truly yours,
> Nolan
>
>
> Nolan M. Goldberg | PROSKAUER ROSE LLP
> 1585 Broadway | New York, NY 10036-8299
> v: 212.969.3472 | F: 212.969.2900
> ngoldberg@proskauer.com | www.proskauer.com
>
>
> <<(10988596_1)Joint motion and stip for stay ng 4_14_08.DOC>>
>
> ************************************************************   To ensure compliance  
>  prohibited from printing,   copying, forwarding or saving them. Please delete the

J. Michael Kaler
Law Offices of J. Michael Kaler
9930 Mesa Rim Road, Suite 200
San Diego, CA 92121
Phone: 858-362-3151
Fax: 858-824-9073
e-mail: michael@kalerlaw.com

************************************************************   To ensure compliance wi
 another party any    transaction or matter addressed herein.    *******************


J. Michael Kaler

4/25/2008

Page 4 of 4

Law Offices of J. Michael Kaler
9930 Mesa Rim Road, Suite 200
San Diego, CA 92121
Phone: 858-362-3151
Fax: 858-824-9073
e-mail: michael@kalerlaw.com

4/25/2008

### Goldberg, Nolan M.

**From:** Goldberg, Nolan M.
**Sent:** Tuesday, April 29, 2008 3:11 PM
**To:** 'Michael Kaler'
**Cc:** Melody A Kramer; Shalek, James H.; Mayer, Robert S.
**Subject:** Sorensen v. Informatics and Datalogic

Dear Michael,

I write to ask that SRDT reconsider its position and stipulate to a stay in light of the Court's April 25th Order entering a stay in 13 related cases, and its April 25th Order in the present case staying the resolution of all pending motions.

Please advise how you wish to proceed by the close of business today.

Very truly yours,

Nolan M. Goldberg | PROSKAUER ROSE LLP
1585 Broadway | New York, NY 10036-8299
v: 212.969.3472 | F: 212.969.2900
ngoldberg@proskauer.com | www.proskauer.com

4/29/2008

### Goldberg, Nolan M.

**From:** Michael Kaler [michael@kalerlaw.com]
**Sent:** Tuesday, April 29, 2008 4:05 PM
**To:** Goldberg, Nolan M.
**Cc:** Melody A Kramer; evgenia bjork; Shalek, James H.; Mayer, Robert S.
**Subject:** Re: Sorensen v. Informatics and Datalogic

Dear Mr. Goldberg:

Yesterday's orders in the various '184 patent cases have somewhat changed the litigation procedural landscape. As I am sure you noted, the Court issued an order in the five pending cases for which no motion for stay is on calendar, including Informatics, captioned: "ORDER STAYING RESOLUTION OF MOTIONS". That order directed that no party file any further briefing until notified otherwise.

What you might not be aware of, is that in those cases of that last category of five for which there was an answer on file, the Court also issued an ORDER TO SHOW CAUSE which stated in its entirety:

**"The Court orders the parties to show cause why this case should not be stayed pending reexamination of the '184 patent. Parties shall file written responses to this order to show cause by May 16, 2008. All other pending motions filed in this case shall be stayed pending resolution of this OSC."**

I infer from this that the Court does not want to see a separate motion for stay in those cases, and will sua sponte issue an OSC re stay upon filing of an answer by Defendant.

Per the Order, SRDT will continue to file oppositions meeting our requirement to show cause why a stay should not issue.

Sincerely,

Michael Kaler

*"Goldberg, Nolan M." <NGoldberg@proskauer.com> wrote:*

> Dear Michael,
>
> I write to ask that SRDT reconsider its position and stipulate to a stay in light of the Court's April 25th Order entering a stay in 13 related cases, and its April 25th Order in the present case staying the resolution of all pending motions.
>
> Please advise how you wish to proceed by the close of business today.
>
> Very truly yours,
>
>
> Nolan M. Goldberg | PROSKAUER ROSE LLP
> 1585 Broadway | New York, NY 10036-8299

4/29/2008

v: 212.969.3472 | F: 212.969.2900
ngoldberg@proskauer.com | www.proskauer.com

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*  To ensure compliance wi
message and attachments without printing, copying,    forwarding or saving them, ar

J. Michael Kaler
Law Offices of J. Michael Kaler
9930 Mesa Rim Road, Suite 200
San Diego, CA 92121
Phone: 858-362-3151
Fax: 858-824-9073
e-mail: michael@kalerlaw.com

4/29/2008