PROSKAUER ROSE LLP

James H. Shalek (82800)
1585 Broadway
New York, NY 10036-8299
Tel. (212) 969-3000
Fax (212) 969-2900
JShalek@proskauer.com

Jonathan E. Rich (187386)
2049 Century Park East, 32nd Floor
Los Angeles, California 90067-3206
Tel. (310) 557-2900
Fax. (310) 557-2193
JRich@proskauer.com

Attorneys for Defendants

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JENS ERIK SORENSEN, as trustee of SORENSEN RESEARCH AND DEVELOPMENT TRUST,<br><br>Plaintiff,<br><br>v.<br><br>INFORMATICS, INC. a Texas Corporation; INFORMATICS HOLDINGS, INC., a Delaware Corporation; DATALOGIC SCANNING, INC., a Delaware Corporation; DATALOGIC SCANNING HOLDINGS, INC., a New York Corporation.<br><br>Defendants. | Case No. 08 cv 0134 BTM CAB<br><br>**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF MOTION TO STAY THE LITIGATION AND FOR ATTORNEY'S FEES AND COSTS**<br><br>Date: June 6, 2008<br>Time: 11:00 a.m.<br>Courtroom 15-5th Floor<br>The Hon. Barry T. Moskowitz<br><br>*NO ORAL ARGUMENT UNLESS REQUESTED BY THE COURT* |

4967/57804-020
Current/11088249v

08 cv 0134 BTM CAB

Defendants hereby move the Court to stay this case pending the outcome of two reexaminations before the United States Patent and Trademark Office ("PTO") of the only asserted patent in this case, just as this Court has already stayed 18 other related lawsuits before this Court for the duration of the reexamination proceedings. Defendants also move the Court to award its attorneys fees and costs for the present motion.

**ARGUMENT**

This case is one of at least 24 related patent infringement litigations pending before this Court pertaining to expired U.S. Patent No. 4,935,184 ("the '184 Patent") filed by Plaintiff Jens Erik Sorensen as Trustee of the Sorensen Research and Development Trust ("Sorensen"). This Court is by now well aware that the '184 Patent is involved in two pending reexaminations, and has granted a stay in at least 18 other related cases before this Court for the duration of the reexaminations[1]. The Court also recently entered an Order to Show Cause in another related case asking the parties why a stay should not be entered.[2] As the reexaminations are likely to change, narrow, or eliminate potentially all of the issues in this matter, Defendants believe that the Court should stay the present case as well, as there is no reason to believe that this case should be treated

---

[1] *Sorensen v. Black & Decker Corp. et al.*, Case No. 06-cv-1572 BTM (CAB); *Sorensen v. Giant Int'l, et al.*, Case No. 07-cv-2121 BTM (CAB); *Sorensen v. Helen of Troy, et al.*, Case No. 07-cv-2278 BTM (CAB); *Sorensen v. Esseplast USA, Inc. et al.*, Case No. 07-cv-2277 BTM (CAB); *Sorensen v. Energizer Holdings, Inc*, Case No. 07-cv-2321 BTM (CAB); *Sorensen v. Emerson Electric Co. et al*, 3:08-cv-00060-BTM-CAB; *Sorensen v. Ryobi Technologies, Inc. et al*, 3:08-cv-00070-BTM-CAB; Sorensen v. Senco Products, Inc. et al, 3:08-cv-00071-BTM-CAB; *Sorensen v. Sanyo North America Corporation et al*, 3:08-cv-00135-BTM-CAB; *Sorensen v. Motorola, Inc. et al*, 3:08-cv-00136-BTM-CAB; *Sorensen v. CTT Tools, Inc. et al*, 3:08-cv-00231-BTM-CAB; *Sorensen v. Global Machinery Company et al*, 3:08-cv-00233-BTM-CAB; *Sorensen v. Emissive Energy Corp. et al*, 3:08-cv-00234-BTM-CAB; *Sorensen v. Rally Manufacturing, Inc. et al*, 3:08-cv-00305-BTM-CAB; *Sorensen v. Sunbeam Products, Inc. et al*, 3:08-cv-00306-BTM-CAB; *Sorensen v. Logitech Inc. et al*, 3:08-cv-00308-BTM-CAB; *Sorensen v. Central Purchasing, LLC et al*, 3:08-cv-00309-BTM-CAB; *Sorensen v. Kyocera International Inc et al*, 3:08-cv-00411-BTM-CAB.

[2] *Sorensen v. Star Asia, USA, LLC, Case No.* 08-cv-307 BTM*(CAB)*

any different from the others with regard to this issue. Sorensen can hardly claim to be prejudiced by a stay in this case as it waited to file its suit until the '184 Patent had almost expired, the remedy of an injunction is no longer available as the '184 Patent has now expired, and because this case is still its infancy as Defendants have not yet answered.

Rather than burdening the Court with additional briefing on an issue with which it is already intimately familiar, Defendants respectfully join with the Motion to Stay the Litigation Pending the Outcome of Reexamination Proceedings and Its Motion for Costs and Attorneys' Fees filed by defendant Motorola on April 9, 2008, in the related *Sorensen v. Motorola, et al.* 3:08-cv-00136 BTM-CAB matter, granted by the Court on April 25, 2008, and hereby incorporate the arguments made in its Memorandum of Points and Authorities in Support ("Motorola Brief"). Exs. 1-3[3].

Defendants also respectfully join with Motorola's request for attorney's fees and costs incurred in preparing the present motion. Motorola Brief at pp. 4-5. (Ex. 2). Defendants offered to avoid motion practice by stipulating with Sorensen to a stay that contained the same terms previously ordered by the Court in the related matters. April 22, 2008 e-mail from Nolan M. Goldberg, Esq. to Michael Kaler, Esq., Ex. 4. Sorensen refused to enter into the stipulation arguing that it had case law supporting its position that the issue of a stay must be addressed in each case separately; that it was concerned it would be prejudiced if it later needed to move to lift the stay; and because of concerns pertaining to unspecified appellate issues. April 22, 2008 e-mail from Michael Kaler, Esq., to Nolan M. Goldberg, Esq., Ex. 4.

In response, Defendants noted that Sorensen's concerns regarding future motions to lift the stay were already expressly addressed in the proposed draft Order it had previously provided and

---

[3] Unless otherwise indicated, all references to "Ex. __" refer to the ordered exhibits attached to the Declaration of James H. Shalek in Support of Defendants' Motion to Stay ("Dec. of Shalek"), sworn to May 1, 2008.

that it was willing to consider any additional language that Sorensen thought was needed to address this concern or Sorensen's unspecified appellate concerns. Defendants also asked Sorensen to explain why it believed the Court should be burdened with over 20 motions on the same issue, and why our case should be treated any differently from the others. Finally, Defendants offered as an alternative to stipulate to an additional thirty-day extension of the time period for Defendants to Answer, so that the parties could wait and see how the Court handled the other pending motions seeking the same relief, and then reconsider their positions based on the outcome. April 23, 2008 e-mail from Nolan M. Goldberg, Esq. to Michael Kaler, Esq., Ex. 4.

Sorensen summarily declined Defendants' offers and refused to explain its positions any further, noting instead that "Plaintiff has no obligation to explain its reasons further until it explores them in greater detail in opposition papers if your client files a motion for stay." April 23, 2008 e-mail from Michael Kaler, Esq., to Nolan M. Goldberg, Esq., Ex. 4. After arguing to this Court that all related cases should be consolidated and litigated together, Sorensen now takes the inconsistent position that each case should be addressed separately, in an apparent effort to increase Defendants costs and get another bite at the apple. *See* Plaintiff's Motion to Consolidate Cases, Ex. 4. After the Court's April 25th Orders entering a stay in 13 related litigations, and staying all pending motions in the present case, Defendants again reached out to Sorensen in an effort to resolve this matter amicably. April 29, 2008 e-mail from Nolan M. Goldberg, Esq. to Michael Kaler, Esq., Ex. 4. Sorensen again declined, noting its intent to continue filing futile opposition motions. April 29, 2008 e-mail from Michael Kaler, Esq., to Nolan M. Goldberg, Esq., Ex. 4.

After losing on the issue of a stay multiple times before this same Court, Sorensen has now unnecessarily burdened the parties and the Court with motion practice when any legitimate concern it had raised had already been addressed, and Sorensen had no good faith basis to expect a different result this time. As noted by Motorola:

> Under 28 U.S.C. §1927, "[a]ny attorney...who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses and attorneys' fees reasonably incurred because of such conduct." A court may imposed sanctions under §1927 where an attorney acted in "bad faith, with improper motive, or a reckless disregard of the duty owed to the court." *Landis Revin Nutraceuticals v. Arthur Andrew Medical, Inc.*, 2007 WL 397144 *5 (E.D. Cal. Feb. 1, 2007) (citing *New Alaska Develop. Corp. v. Guetchow*, 869 F.2d 1298, 1306 (9th Cir. 1989)). Similarly, under its inherent authority, the Court may impose sanctions where it makes a specific finding that an attorney or a party acted in bad faith, vexatiously, wantonly or for oppressive reasons. *Id.* (citing *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991)). Courts may impose sanctions where counsel forces the opposing side to move a court for an order that is clearly warranted. *See Id.* at *5-6 (imposing sanctions on an attorney who forced the opposing side to move to set aside default judgments, despite the attorney knowing that he did not have valid proof of service).

Motorola Brief at p. 5 (Ex. 2).

In summary, without any legitimate basis or good faith belief Sorensen has forced Defendants to re-litigate an issue that has already been decided by this Court numerous times before, despite Defendants' offer to accommodate any legitimate concern Sorensen had or instead pause to see how this Court ruled on the numerous already pending motions seeking similar relief. Placing such an unnecessary burden on the parties and the Court is exactly the type of behavior 28 U.S.C. §1927 was designed to address. As concluded by Motorola, this Court should rebuke Sorensen for that notion and award costs and attorneys' fees.

**CONCLUSION**

For the foregoing reasons, this case should be stayed pending the outcome of the reexaminations. The validity of '184 Patent is presently in doubt and these proceedings should be stayed until that doubt is either confirmed or erased. Also, the Court should award Defendants their costs and attorneys' fees for this motion. Sorensen needlessly forced the Court to decide an issue that it has addressed on no less than five other occasions.

DATED this 1st day May, 2008               Respectfully submitted,

By: /s/ Jonathan E. Rich

James H. Shalek (82800)
1585 Broadway
New York, NY  10036-8299
Tel. (212) 969-3000
Fax (212) 969-2900
JShalek@proskauer.com

Jonathan E. Rich (187386)
2049 Century Park East, 32nd Floor
Los Angeles, California 90067-3206
Tel. (310) 557-2900
Fax. (310) 557-2193
JRich@proskauer.com

Attorneys for DEFENDANTS

# CERTIFICATE OF SERVICE

I hereby certify that copies of DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION TO STAY THE LITIGATION PENDING THE OUTCOME OF REEXAMINATION PROCEEDINGS AND ITS MOTION FOR COSTS AND ATTORNEYS' FEES were on this date served on all counsel of record by the CM/ECF system of this Court through the generation of a "Notice of Electronic Filing" sent to their last known addresses as follows:

James Michael Kaler
E-mail: Michael@kalerlaw.com
Law Offices of James M. Kaler
9930 Mesa Rim Road, Suite 200
San Diego, California 92121
Telephone: (858) 326-3151
Facsimile: (858) 824-9073

Melody A. Kramer
E-mail: mak@kramerlawip.com
Kramer Law Office
9930 Mesa Rim Road, Suite 1600
San Diego, California 92121
Telephone: (858) 362-3150
Facsimile: (858) 225-0874

in Los Angeles, California on this day, May 1, 2008.

By: /s/  Jonathan E. Rich
Jonathan E. Rich (187386)
2049 Century Park East, 32nd Floor
Los Angeles, California 90067-3206
Tel. (310) 557-2900
Fax. (310) 557-2193
JRich@proskauer.com

Attorneys for DEFENDANTS