1

2  James H. Shalek (82800)
   PROSKAUER ROSE LLP
3  1585 Broadway
   New York, NY 10036-8299
4  Tel. (212) 969-3000
   Fax (212) 969-2900
5  JShalek@proskauer.com

6
   Jonathan E. Rich (187386)
7  PROSKAUER ROSE LLP
   2049 Century Park East, 32nd Floor
8  Los Angeles, California 90067-3206
   Tel. (310) 557-2900
9  Fax. (310) 557-2193
   JRich@proskauer.com
10

11 Attorneys for Defendants

12
                    UNITED STATES DISTRICT COURT
13
              FOR THE SOUTHERN DISTRICT OF CALIFORNIA
14

15 JENS ERIK SORENSEN, as trustee of      )   Case No. 08 cv 0134 BTM CAB
   SORENSEN RESEARCH AND                  )
16 DEVELOPMENT TRUST,                     )
                                          )
17              Plaintiff,                )   **DEFENDANTS' ANSWER AND**
                                          )   **COUNTERCLAIMS TO**
18        v.                              )   **CORRECTED FIRST AMENDED**
                                          )   **COMPLAINT**
19 INFORMATICS, INC. a Texas Corporation; )
   INFORMATICS HOLDINGS, INC., a Delaware )
20 Corporation; DATALOGIC SCANNING, INC., a )
   Delaware Corporation; DATALOGIC        )
21 SCANNING HOLDINGS, INC., a New York    )
   Corporation.                           )
22                                        )
                Defendants.               )
23                                        )
                                          )
24                                        )
                                          )
25 _____)

26

27

28

**DEFENDANTS' ANSWER AND COUNTERCLAIMS**

Pursuant to Fed. R. Civ. P. 12(a) Defendants set forth the following answer, affirmative defenses and counterclaims to the Corrected First Amended Complaint for Patent Infringement ("Complaint") filed by Plaintiff Jens Erik Sorensen as Trustee for Sorensen Research and Development Trust ("Sorensen") dated March 17, 2008.

**ANSWER**

**THE PARTIES**

1.     Admitted that a copy of a document that purports to be United States Patent No. 4,935,184 ("the '184 patent") is attached to the First Amended Complaint (uncorrected) as Exhibit A.  Defendants lack sufficient knowledge to form a belief as to the truth of the remaining allegations contained in paragraph 1 of the Complaint and therefore deny the same.

2.     Denied.

3.     Admitted.

4.     Admitted.

5.     Admitted.

6.     Defendants lack sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph 6 of the Complaint and therefore deny the same.

7.     Defendants lack sufficient knowledge to form a belief as to the truth of the remaining allegations contained in paragraph 7 of the Complaint and therefore deny the same.

8.     Denied.

**JURISDICTION AND VENUE**

9.     Admitted that this action arises under the patent laws of the United States of America, Title 35, United States Code and that jurisdiction is founded on Title 28, United States Code §§ 1331 and 1338(a).  All other allegations in paragraph 9 of the Complaint are denied.

10.     Admitted that venue is proper in this Court for the present litigation.  All other allegations in paragraph 10 of the Complaint are denied.

11.     Admitted that this Court has personal jurisdiction over Defendants for the purpose of this lawsuit.  All other allegations in paragraph 11 of the Complaint are denied.

**CLAIM FOR RELIEF**

12.     Defendants repeat their responses to paragraphs 1 through 11 of the Complaint as if fully set forth herein.

13.     Admitted that on its face the '184 Patent is entitled "Stabilized Injection Molding When Using a Common Mold Part With Separate Complimentary Mold Parts," and indicates a issuance date of June 19, 1990.  Defendants lack sufficient knowledge to form a belief as to the truth of the remaining allegations contained in paragraph 13 of the Complaint and therefore deny the same.

14.     Denied.

15.     In response to paragraph 15, Defendants deny that any license under the '184 Patent is necessary for any of Defendants' products manufactured, imported, sold or offered for sale in the United States and this District, and are without sufficient knowledge to form a belief as to the truth of the remaining allegations contained in paragraph 15 of the Complaint and therefore deny the same.

16.     Denied.

17.     Denied.

18.     Denied.

19.     Denied.

20.     Denied.

21.     In response to paragraph 21, Defendants deny that any license under the '184 Patent is necessary for any of Defendants' products manufactured, imported, sold or offered for

sale in the United States and this District, and are without sufficient knowledge to form a belief as to the truth of the remaining allegations contained in paragraph 21 of the Complaint and therefore deny the same.

22.     Defendants lack sufficient knowledge to form a belief as to whether the letter referenced in paragraph 22 of the Complaint included a drawing and a claim chart.  All other allegations contained in paragraph 22 are denied.  To the extent that the allegations in paragraph 22 purport to characterize the content of the Dec. 10, 2004 letter, Defendants refer to that letter, which speaks for itself.

23.     Denied.  To the extent the allegations in paragraph 23 purport to characterize the content of the December 10, 2004 letter, Defendants refer to that letter, which speaks for itself.

24.     Denied.  To the extent the allegations in paragraph 24 purport to characterize the content of the December 10, 2004 letter, Defendants refer to that letter, which speaks for itself.

25.     In response to paragraph 25, Defendants deny that they are under or have been under any obligation to disclose their manufacturing process to Sorensen.  Defendants lack sufficient knowledge to form a belief as to the truth of the remaining allegations contained in paragraph 25 of the Complaint and therefore deny the same.

26.     Denied.

27.     Denied.

28.     Denied.

29.     Denied.

30.     Denied.

31.     Denied.

32.     Denied.

**AFFIRMATIVE DEFENSES**

33.     Defendants assert the following affirmative defenses and reserves the right to further amend this Answer as additional information becomes available.

### FIRST AFFIRMATIVE DEFENSE

34.     Defendants have not and have not directly infringed, contributed to the infringement of, and/or induced the infringement of any valid claim of the '184 Patent, either literally or under the Doctrine of Equivalents.

### SECOND AFFIRMATIVE DEFENSE

35.     The '184 Patent is invalid for failing to meet the requirements of patentability as specified in Title 35 of the United States Code and sections 101, 102, 103, 112, and/or 132 thereof, and the Rules and Regulations of the Patent & Trademark Office relating thereto.

### THIRD AFFIRMATIVE DEFENSE

36.     The relief sought by Sorenson is barred in whole or in part by the doctrines of wavier, estoppel, laches, and unclean hands.

### FOURTH AFFIRMATIVE DEFENSE

37.     The claims of the '184 Patent are and were limited by amendment, by the prior art and/or by the statements made during its prosecution before the USPTO, such that Sorensen is now estopped and otherwise precluded from maintaining that such claims of the '184 Patent are of sufficient scope to cover the accused products and methods, either literally or under the Doctrine of Equivalents.

### FIFTH AFFIRMATIVE DEFENSE

38.     The relief sought by Sorensen is limited by 35 U.S.C. § 286.

**SIXTH AFFIRMATIVE DEFENSE**

39.     Were Sorensen to succeed in its infringement claims, the relief to which Sorensen would be entitled would be limited because Sorensen failed to give proper notice as required by 35 U.S.C. § 287(b).

**SEVENTH AFFIRMATIVE DEFENSE**

40.     Defendants adopt and incorporate herein all affirmative defenses available pursuant to Fed. R. Civ. P. 8 (or any applicable statute or regulation), to the extent the facts known at this time would make any of said defenses available or facts developed in the future would make the same available.  No affirmative defense is waived, including any defense of unenforceability based upon inequitable conduct before the USPTO in prosecution of the application leading to the '184 patent.

**COUNTERCLAIMS**

AS AND FOR their counterclaims against Counterclaim Defendant Jens Erik Sorensen as Trustee for Sorensen Research and Development Trust ("Sorensen"), Counterclaimants Informatics Holdings, Inc., Datalogic Scanning, Inc. and Datalogic Scanning Holdings, Inc. ("Counterclaimants") allege as follows:

**PARTIES**

41.     Counterclaimant Informatics Holdings, Inc. is a corporation organized under the laws of Delaware, having a principal office located at 1400 - 10th Street, Plano, Texas 75074.

42.     Counterclaimant Datalogic Scanning, Inc. is a corporation organized under the laws of Delaware, having a principal office located at 959 Terry Street, Eugene, Oregon 97402.

43.     Counterclaimant Datalogic Scanning Holdings, Inc. is a corporation organized under the laws of New York, having a principal office located at 959 Terry Street, Eugene, Oregon 97402.

44.    On information and belief, Counterclaim Defendant Sorensen is a California resident, and the trustee of a trust organized according to California law.

## JURISDICTION AND VENUE

45.    Counterclaimants' counterclaims arise under the patent laws of the United States, Title 35, United States Code, and the declaratory judgment provisions of Title 28, United States Code §§ 2201 and 2202.  This Court has jurisdiction over the subject matter of these counterclaims pursuant to Title 28, United States Code §§ 1331 and 1338.

46.    Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b) and (c).  Personal jurisdiction over Sorensen is proper because, upon information and belief, Sorensen resides within the District and has voluntarily submitted to the jurisdiction of this District by filing the Complaint in this Court for patent infringement.

47.    An actual and substantial justiciable controversy exists between Counterclaimants and Sorensen as to the validity and enforceability of the '184 Patent, and as to whether Counterclaimants have infringed or are infringing the '184 Patent, directly or indirectly.

## COUNT 1

### DECLARATORY JUDGMENT OF NON-INFRINGEMENT

48.    Counterclaimants repeat the allegations contained in paragraphs 41 through 47 hereof as if fully set forth herein.

49.    Counterclaimants have not directly infringed, contributed to the infringement of or actively induced the infringement of any valid claim of the '184 Patent.

## COUNT 2

### DECLARATORY JUDGMENT OF INVALIDITY

50.    Counterclaimants repeat the allegations contained in paragraphs 41 through 47 hereof as if fully set forth herein.

4967/57804-020
Current/11135351v

51.     On information and belief, the '184 Patent is invalid for failure to comply with the requirements of the United States patent laws, Title 35, United States Code, including sections 101, 102, 103, 112, and/or 132 thereof, and the Rules and Regulations of the Patent & Trademark Office relating thereto.

**COUNT 3**

**UNENFORCEABILITY – LACHES AND ESTOPPEL**

52.     Counterclaimants repeat the allegations contained in paragraphs 41 through 47 hereof as if fully set forth herein.

53.     Sorensen's claims are barred by the equitable doctrines of laches and/or estoppel.

**<u>PRAYER FOR RELIEF</u>**

WHEREFORE, Defendants pray for relief as follows;

A.     That Sorensen's Complaint against Defendants be dismissed in its entirety with prejudice;

B.     That judgment be entered in favor of Defendants and that Sorensen take nothing;

C.     For entry of judgment that the '184 Patent is invalid, enforceable and/or not infringed by Defendants, and that Sorensen is barred from charging infringement or instituting any legal action for infringement of the '184 Patent against Defendants or anyone acting in privity with Defendants, including the divisions, subsidiaries, successors, assigns, agents, suppliers, manufacturers, contractors and customer of Defendants;

D.     That Sorensen be ordered to pay Defendants' costs of suit in this action;

E.     That this case be declared exceptional and that Sorensen be ordered to pay Defendants' attorneys' fees in this action pursuant to 35 U.S.C. § 285; and

F.     That Defendants be awarded such other relief as this court deems just and proper.

1

**JURY DEMAND**

2

      G.      Defendants demand a trial by jury as to all issues properly so tried.

3

4

Dated:  May 12, 2008                         Respectfully submitted,

5

6

                                      By:/s/  Jonathan E. Rich_____

7

8

                                      James H. Shalek (82800)
1585 Broadway

9

New York, NY  10036-8299
Tel. (212) 969-3000
Fax (212) 969-2900

10

JShalek@proskauer.com

11

                                      Jonathan E. Rich (187386)

12

2049 Century Park East, 32nd Floor
Los Angeles, California 90067-3206

13

Tel. (310) 557-2900
Fax. (310) 557-2193

14

JRich@proskauer.com

15

                                      Attorneys for DEFENDANTS

16

17

18

19

20

21

22

23

24

25

26

27

28

**CERTIFICATE OF SERVICE**

I hereby certify that copies of DEFENDANTS' ANSWER AND COUNTERCLAIMS were on this date served on all counsel of record by the CM/ECF system of this Court through the generation of a "Notice of Electronic Filing" sent to their last known addresses as follows:

James Michael Kaler
E-mail: Michael@kalerlaw.com
Law Offices of James M. Kaler
9930 Mesa Rim Road, Suite 200
San Diego, California 92121
Telephone: (858) 326-3151
Facsimile: (858) 824-9073

Melody A. Kramer
E-mail: mak@kramerlawip.com
Kramer Law Office
9930 Mesa Rim Road, Suite 1600
San Diego, California 92121
Telephone: (858) 362-3150
Facsimile: (858) 225-0874

in Los Angeles, California on this day, May 12, 2008.

By:       /s/___Jonathan E. Rich_____
          Jonathan E. Rich (187386)
          2049 Century Park East, 32nd Floor
          Los Angeles, California 90067-3206
          Tel. (310) 557-2900
          Fax. (310) 557-2193
          JRich@proskauer.com

          Attorneys for DEFENDANTS

4967/57804-020
Current/11135351v